IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISSAC KAINA, AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA; AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI, COUNTY OF MAUI POLICE DEPRTMENT, NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>Defendants. | CIVIL NO. CV04-00608 DAE LEK<br><br>**Declaration of D.P. Van Blaricom** |

I, D.P. Van Blaricom, do hereby declare as follows:

1. I am of legal age, competent to testify, and have personal knowledge of the facts set out herein.

2. My law enforcement career has spanned over forty-eight years of active employment to date:

   a. Twenty-nine years of continuous police service, during which I was Chief of Police in the City of Bellevue, Washington for the last eleven of those years;

   b. Thereafter, I have been engaged as a police practices consultant for an additional nineteen years.

3. A detailed statement of my qualifications is attached hereto as Exhibit "A". My areas of expertise in the police arts and sciences include, but are not limited to: police

1
2      I declare under penalty of perjury of the laws of the State of Hawaii that the
3 foregoing is true and correct.
4      Dated this 19th day of December 2005 at Bellevue, Washington.

_____
D. P. VAN BLARICOM

**D.P. VAN BLARICOM, INC.**
MPA, FBI-NA, CHIEF of POLICE (Ret.)
*POLICE PRACTICES EXPERT*
835 - 91st LANE N.E.
BELLEVUE, WASHINGTON 98004-4811
(425) 453-0082   FAX 453-3263   E-Mail dvbinc@aol.com
Web Page expertwitness.com/vanblaricom

Federal Rule 26 (a) (2) (B)
**REPORT OF PLAINTIFFS' POLICE PRACTICES EXPERT**
**May 16, 2005 – Amended June 8, August 2, November 14, 21 and December 19, 2005**

1. My name is D. P. Van Blaricom and I make this report on behalf of plaintiffs in the matter of ***Kaina, et al. v. County of Maui, et al.*** under my file 05-1197.

2. My law enforcement career has spanned over forty-eight years of active employment to date:
    a. Twenty-nine years of continuous police service, during which I was Chief of Police in the City of Bellevue, Washington for the last eleven of those years;
    b. Thereafter, I have been engaged as a police practices consultant for an additional nineteen years.

3. A detailed statement of my qualifications, experience, training and a list of all of my publications are attached hereto as Exhibit "A". Both my fee schedule for services and a list of my deposition and trial testimony for the preceding four years are attached hereto as Exhibits "B" and "C" respectively. My areas of expertise in the police arts and sciences include, but are not limited to: police use of force; less-lethal alternatives to deadly force in both equipment and tactics; police administration, policies, practices, procedures and standards of care; civil rights violations; internal investigation and discipline. As a police practices expert, I have testified in state and federal courts for both plaintiffs and defense throughout the United States.

4. I was retained by David J. Gierlach on February 28, 2005 to review the facts and circumstances of the fatal officer-involved shooting of Lisa Tomita Kaina (the decedent) by Maui Police Department (MPD) Officers Nelson Johnson and Allen DeLara (the shooters) on January 23, 2004. At the time of making my preliminary report I had discussed the matter with plaintiffs' counsel and I have reviewed the following documents:
    a. Defendants' Response to Plaintiffs' First Request for Production;
    b. MPD reports 04-07066;
    c. Photographs;
    d. MPD General Orders (GO):
        1) 101.8 Use of Force,
        2) 104.1 Internal Affairs,

    g. Consistent with the shooters' testimony, the Maui Police Department may be reasonably said to have been *"deliberately indifferent"* to training the shooters in constitutional limits on use of deadly force;

    h. Considering the willingness of both shooters to use objectively unreasonable lethal force, as previously described herein, that *"deliberate indifference"* to training was more probably than not a proximate cause of their fatal decision to shoot the decedent.

12. I am prepared to testify to these opinions in deposition or at trial if called upon to do so.

13. If I am provided with further documentation for my review, I may have additional opinions.

_____
D. P. VAN BLARICOM