IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA, ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA,<br><br>        Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI, COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>        Defendants.<br>_____ | CV NO 04-00608 DAE/LEK |

ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' AND DEFENDANTS' MOTIONS TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF OR IN OPPOSITION TO SUMMARY JUDGMENT

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants' and Plaintiffs' motions, the Court DENIES WITHOUT PREJUDICE Defendants' Ex Parte

Motion for Order to File Under Seal Exhibits "AA-NN" in Regards to County Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment and Plaintiffs' Ex Parte Motion for Order to File Under Seal Exhibits Attached to Plaintiffs' Concise Statement of Facts in Support of Plaintiffs' Memorandum in Opposition to County Defendants' Motion for Summary Judgment.

## BACKGROUND

On January 9, 2006, Plaintiffs lodged an Ex Parte Motion for Order to File Under Seal Exhibits Attached to Plaintiffs' Concise Statement of Facts in Support of Plaintiffs' Memorandum in Opposition to County Defendants' Motion for Summary Judgment. On January 12, 2006, Defendants lodged an Ex Parte Motion for Order to File Under Seal Exhibits "AA-NN" in Regards to County Defendants' Reply Memorandum in Support of Their Motion For Summary Judgment.

Neither party provided any justification for seeking to file these documents under seal aside from the fact that the parties had stipulated to doing so pursuant to a confidentiality agreement signed by the parties.

## DISCUSSION

"Every court has power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Thus, a district court's decision to seal records is an exercise of its inherent supervisory power. Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995). However, this power is qualified by the first amendment, which grants the public a presumptive right of access to certain court proceedings and documents. See Press-Enterprise Co. v. Super. Ct., 464 U.S. 501 (1985). While there is a strong presumption supporting a general right to inspect and copy public records and documents, including judicial records and documents, that right is not absolute. Nixon, 435 U.S. at 597-98. The presumption in favor of access "can be overridden given sufficiently compelling reasons to do so." Foltz v. State Farm Auto Insur. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

Courts generally will not automatically approve stipulations to seal matters on file with the court containing confidential information. Rather the parties must "good cause" as to why these documents should be protected from disclosure to others. See Pansy v. Borough of Stroudsburg, 23 F.3d 943, 944-45 (3rd Cir. 1994).

Where "good cause" is shown, the court must balance the potential harm to the moving party's interest against the public's right of access to court files. Any protective order must be narrowly drawn to reflect this balance, and the order must state that any member of the public has the right to challenge the sealing of any particular document. See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999)

As noted above, neither Plaintiffs nor Defendants have provided this Court with any basis for determining whether good cause exists to seal the designated documents, and what if any interests will be materially prejudiced if such documents are disclosed to the public.

Accordingly, the Plaintiffs and Defendants have failed to meet their burden of overcoming the presumption of public access to court documents.

CONCLUSION

For the reasons stated above, the Court hereby DENIES WITHOUT PREJUDICE Defendants' Ex Parte Motion for Order to File Under Seal Exhibits "AA-NN" in Regards to County Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment and Plaintiffs' Ex Parte Motion for Order to File Under Seal Exhibits Attached to Plaintiffs' Concise Statement of Facts in

Support of Plaintiffs' Memorandum in Opposition to County Defendants' Motion for Summary Judgment.

       IT IS SO ORDERED.

       DATED: Honolulu, Hawaii, January 26, 2006.



                                  _____
                                  David Alan Ezra
                                  United States District Judge

<u>Megan Kaina, et al. vs. County of Maui, et al.</u>, Civil No. 04-00608 DAE/LEK; ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' AND DEFENDANTS' MOTIONS TO FILE UNDER SEAL EXHIBITS IN SUPPORT OF OR IN OPPOSITION TO SUMMARY JUDGMENT