DEPARTMENT OF THE CORPORATION COUNSEL   205

BRIAN T. MOTO        5421
Corporation Counsel
MOANA M. LUTEY       6385
LAUREEN L. MARTIN    5927
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:  (808) 270-7740
Fax No.: (808) 270-7152
moana.lutey@co.maui.hi.us
S:\ALL\MMR\CIV\Kaina\Final pretrial conference statement.wpd

Attorneys for Defendants COUNTY OF MAUI,
 COUNTY OF MAUI POLICE DEPARTMENT, NELSON
 JOHNSON AND ALLEN DE LARA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA,<br><br>              Plaintiffs,<br><br>     vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>              Defendants<br>_____ | CIVIL NO. CV 04-00608 DAE LEK (Other Non-motor vehicle tort)<br><br>COUNTY DEFENDANTS' FINAL PRETRIAL CONFERENCE STATEMENT; CERTIFICATE OF SERVICE<br><br><br><br><br>Date: February 14, 2006<br>Time: 9:00 a.m.<br>Judge:  Hon. Leslie E. Kobayashi |

**COUNTY DEFENDANTS' FINAL PRETRIAL CONFERENCE STATEMENT**

Defendants County of Maui, County of Maui Police Department, Nelson Johnson, and Allen De Lara, by and through their attorneys, BRIAN T. MOTO, Corporation Counsel, and MOANA M. LUTEY, Deputy Corporation Counsel, hereby submit their Pretrial Statement pursuant to L.R. 16.6.

## I.  **PARTY**

This Pretrial Statement is being submitted on behalf of the County of Maui, County of Maui Police Department, Nelson Johnson and Allen De Lara.

## II.  **JURISDICTION AND VENUE**

Plaintiffs have alleged various violations of federal law. All parties reside within the State of Hawaii.  Defendants do not dispute jurisdiction or venue.

## III. **SUBSTANCE OF ACTION**

On December 18, 2003, Lisa Tomita Kaina was convicted of Unauthorized Control of a Propelled Motor Vehicle, two counts of Promoting a Detrimental Drug in the Third Degree, two counts of Prohibited Acts Related to Drug Paraphernalia and one count of Possession of Burglar's Tools.

On January 22, 2004, a bench warrant in the amount of $25,000 was issued for Ms. Kaina's arrest.  The bench warrant was issued because Ms. Kaina failed to comply with the terms and conditions of her probation.  Specifically, Ms. Kaina failed to report to her probation officer after December 18, 2003.

On January 23, 2004, Rosann Fernandez was at Hertz Rent A Car's overflow lot in Kahului. Ms. Fernandez and other Hertz employees were at that lot to move rental cars to another base yard.

At 3:44 p.m., Ms. Fernandez saw a white Cadillac reversing. Realizing that no other Hertz employees were there at that time, Ms. Fernandez began walking towards the Cadillac. When she got closer, Ms. Fernandez heard the Cadillac's engine rev. The Cadillac then charged straight for her. Ms. Fernandez was forced to jump out of the Cadillac's path to avoid being hit. Ms. Fernandez dialed 911 to report that she had almost been run over by a white Cadillac stolen from the Hertz lot. Police dispatch relayed this information over the air.

Officers Nelson Johnson and Allen De Lara were on patrol in Paia when dispatch radioed that the white Cadillac had been stolen from the Hertz overflow lot. Both officers heard dispatch report that the driver of the Cadillac had tried to run over a Hertz employee as well as a description of the vehicle.

Officer Johnson traveled out of Paia town, towards Kahului, on Hana Highway to look for the Cadillac. The traffic in Paia was heavy. When he was near Baldwin Beach Park, Officer Johnson spotted the Cadillac as it was heading towards Paia town. At the time, the Cadillac was stopped in traffic. When Officer Johnson drove past the Cadillac, he noticed that the driver ducked. After

3

he passed the Cadillac, he looked in his rear view mirror and saw the driver's head pop back up.

Officer Johnson then made a U-turn and activated his lights and siren. The Cadillac took off at a high rate of speed while driving in the opposite lane of travel. Cars traveling towards Kahului had to move out of the Cadillac's way to avoid a collision. While he followed, Officer Johnson stayed a good distance behind the Cadillac.

At the intersection of Hana Highway and Baldwin Avenue, the Cadillac made a sudden right hand turn up Baldwin Avenue. Officer Johnson saw the lights of another patrol vehicle on Baldwin Avenue then saw the Cadillac take a left turn towards the Bank of Hawaii. Before making its left hand turn towards the Bank of Hawaii, the Cadillac skidded for over 104 feet.

Officer De Lara was on Baldwin Avenue, heading towards Hana Highway, when he saw the Cadillac heading straight for him. Just before it collided with him, the Cadillac made a sudden left hand turn. The Cadillac jumped up onto the sidewalk, just missing a pedestrian.

The Cadillac reversed off of the sidewalk and smashed into Officer De Lara's car. The impact of that collision caused damage to Officer De Lara's car. The Cadillac went forward and reversed, smashing into a red Tracker and forcing it into Officer De Lara's car.

Officer Johnson parked his car near the curb fronting the Bank of Hawaii. Officer Johnson saw the Cadillac reverse into the red Tracker and Officer De Lara's vehicle.

The Cadillac climbed the sidewalk again, drove into the gravel area fronting the Bank of Hawaii and collided into a palm tree. The impact of the collision with the palm tree caused the top of the palm tree to fall.

Officer Johnson drew his firearm and, while the Cadillac was next to the palm tree, pounded on the driver's side window while yelling at the driver to stop. The Cadillac was not moving, although the tires were rotating so fast they were screaming.

Officer De Lara got out of his car and ran towards the Cadillac while it was in the gravel area fronting the Bank of Hawaii. Suddenly, the Cadillac's tires gained traction and began reversing. Officer Johnson saw Officer De Lara near the back of the Cadillac and yelled at him to watch out. Officer Johnson fired one shot at the driver to stop the Cadillac from striking Officer De Lara. When he shot at the driver of the Cadillac, Officer Johnson believed Officer De Lara would be killed if the Cadillac was not stopped.

When Officer De Lara was running towards the Cadillac, he suddenly saw it begin reversing towards him. Officer De Lara believed he was going to die. To avoid being killed, he ran between the front of Officer Johnson's car and the Cadillac. When

he got to the side of the Cadillac, he fired one shot to prevent the Cadillac from seriously injuring or killing anyone.

The driver of the Cadillac was Lisa Tomita Kaina. One bullet entered the left side of Ms. Kaina's head, killing her. A total of two minutes elapsed from the time Officer Johnson notified dispatch that he was with the Cadillac until the time shots were fired.

If Ms. Kaina had not been shot, she would have been able to escape. Clearly, Ms. Kaina was attempting to escape.

Twenty three packets were found in Ms. Kaina's left pants pocket. Four packets contained suspected crystal methamphetamine. Those four packets were tested and found to contain methamphetamine. A toxicology report determined that Ms. Kaina had methamphetamine, amphetamine, diazepam and nordiazepam in her system. Based on the presence of amphetamine in her system, Dr. Wong was able to determine that Ms. Kaina crystal methamphetamine use had been recent.

## IV. UNDISPUTED FACTS

The testimony of the fact witnesses are relatively consistent with the facts as outlined above.

## V. DISPUTED FACTUAL ISSUES

Plaintiffs' contend that the vehicle driven by Ms. Kaina was blocked in and unable to escape when she was shot. Defendants disagree.

## VI.  **RELIEF PRAYED**

Plaintiffs seek compensatory damages, attorney fees and costs as well as punitive damages.

## VII.  **POINTS OF LAW**

Plaintiffs allege that the Officers used excessive force when Ms. Kaina was shot.  This claim is apparently based upon alleged excessive force in violation of the Fourth Amendment of the United States Constitution.

In Graham v. Conner, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989), the United States Supreme Court stated that the "objective reasonableness" standard applied to claims of violations of the Fourth Amendment.  Id. at 388:

Determining whether the force used to effect a seizure is reasonable requires balancing, ". . . the nature and quality of the intrusion on the individual's Fourth Amendment interests . . ." against the countervailing governmental interests.  Tennessee v. Garner, 471 U.S. 1, 8, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985).

In determining the weight of the government interest, courts consider several factors.  One important factor is "whether the suspect poses an immediate threat to the safety of officers or others." Graham, supra, 490 U.S. at 396.  Clearly, Ms. Kaina posed a serious and immediate threat to the safety of the officers and the public.  Officers Johnson and De Lara knew that Ms. Kaina had nearly run down Rosanne Fernandez when Ms. Kaina stole the

automobile she was operating.

Ms. Kaina had also led the police on a dangerous, high-speed chase. In addition to almost running over Ms. Fernandez, Ms. Kaina almost ran over Roger Erickson and Officer De Lara. Ms. Kaina also struck two motor vehicles which were occupied. Moreover, Ms. Kaina was continuing to operate the vehicle in an extremely dangerous manner in the middle of crowded Paia town, thereby endangering numerous bystanders.

Under the circumstances, Ms. Kaina posed two distinct threats. First, the officer had to prevent Ms. Kaina from continuing her reckless flight, which posed a severe danger to all pedestrians and motorists in the area. Second, Ms. Kaina had only seconds before reversed directly at Officer De Lara, putting his life in immediate jeopardy. It is undisputed that Ms. Kaina never surrendered. Therefore, the actions by Ms. Kaina effectively deprived the officers of any other course of action.

## VIII. **PREVIOUS MOTIONS**

A motion for summary judgment was heard on January 23, 2006. the Court granted the motion as to the County of Maui. The Officers remain as defendants. The Plaintiffs have filed a motion for reconsideration.

## IX. **WITNESSES TO BE CALLED**

County Defendants may call the following individuals and/or entities:

1.   Plaintiffs, c/o 500 Ala Moana Blvd., Ste. 330, 5 Waterfront Plaza, Honolulu, Hawaii 96813, to testify regarding alleged liability and damages.

2.   Malia Kaina, Kahekili Terrace, Wailuku, Hawaii 96793, will testify regarding Megan Kaina, Kawika Kaina and Kamaile Kaina and damages.

3.   Nelson Johnson, c/o Corporation Counsel, 200 S. High Street, Wailuku, Hawaii 96793, to testify regarding alleged liability and damages.

4.   Allen De Lara, c/o Corporation Counsel, 200 S. High Street, Wailuku, Hawaii 96793, to testify regarding alleged liability and damages.

5.   Ronald Hiyakumoto, Garrett Benito, William Gannon, Dean Rickard, Arthur Dadez, Champ Wright, James Bell, George Fontaine, Martell Irish, Catriona Siver, Reid Pursley, Francis Tom, Kenneth Kihata, T. Gomez, Robert Vickers, Clifton Perreira, Jayson Rego, Vincent Souki, Wayland Kunitake, Jeffrey Tanoue, Wayne Ribao, Ericlee Correa, Lawrence Becraft, Thomas Phillips, or other representative(s) of the Maui Police Department, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident.

6.   Mark Joaquin, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, will testify regarding use of force training, including training on the use of deadly force,

provided to police officers at the Maui Police Department.

7. Leighton Kanaele or other authorized representative, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, Hawaii 96793, will authenticate documents, testify regarding training at the Maui Police Department and other related matters.

8. Barry Aoki, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, Hawaii 96793, will testify regarding training in the use of deadly force, including firearms, provided to police officers.

9. Anthony Manoukian, M.D., Maui Memorial Medical Center, 221 Mahalani Street, Wailuku, Hawaii, 96793, will testify regarding Lisa Tomita-Kaina's cause of death.

10. Leslie Guise, Ph.D., c/o Maui Mental Health, 121 Mahalani Street, Wailuku, Hawaii 96793, will testify regarding the treatment provided to Lisa Tomita Kaina and Mitsuo Tomita and other related matters.

11. Linda Gallagher, Maui Mental Health, 121 Mahalani Street, Wailuku, Hawaii 96793, will testify regarding Mitsuo Tomita's treatment and other related matters.

12. Custodian of Records, Maui Mental Health, 121 Mahalani Street, Wailuku, Hawaii 96793, will authenticate records maintained by Maui Mental Health as they pertain to Mitsuo Tomita and Lisa Tomita Kaina.

13. Ann Sarros, 4270 South Lake Court, Decatur, IL 62521, will testify regarding the shooting incident.

14. Ronald Destefano, 14 Boardwalk, Larkspur, CA 94939, will testify regarding the shooting incident.

15. Senica Destefano, 14 Boardwalk, Larkspur, CA 94939, will testify regarding the shooting incident.

16. Nicole Bennett, 7331 Nolan Road, Lincoln, NE 68512, will testify regarding the shooting incident.

17. Patrick Bennett, 7331 Nolan Road, Lincoln, NE 68512, will testify regarding the shooting incident.

18. Sarah Elwell, 485 Kuwelo Road, Haiku, HI 96708, will testify regarding the shooting incident.

19. Cary Young, 55 Kaui Place, Kula, HI 96790, will testify regarding the shooting incident.

20. Gary Frank Ward, 6402 Hemlock Place, Amarillo, TX 79124, will testify regarding the shooting incident.

21. Robert Ramacher, 1060 Kupulau Drive, Kihei, HI 96753, will testify regarding the shooting incident.

22. Cindee Saito, Honolulu Police Department, 801 S. Beretania, Honolulu, HI 96813, will testify regarding examination of the firearms, casings, bullets, materials from the incident and other related matters.

23. Gary S. Roth, 99 Walaka Street, #16, Kihei, HI 96753, will testify regarding the shooting incident.

11

24.  William Grant, 15 B Olinda Road, Makawao, HI 96708, will testify regarding the shooting incident.

25.  Willow Scott, Hanawana Valley Road, Haiku, HI 96708, will testify regarding the shooting incident.

26.  Mary Baga, 1113 Makaala Drive, Wailuku, HI 96793, will testify regarding the shooting incident.

27.  Dwayne Kerbow, address unknown, will testify regarding the shooting incident.

28.  Tistrya Hamilton, address unknown, will testify regarding the shooting incident.

29.  Tracy Tanaka, Honolulu Police Department, 801 S. Beretania, Honolulu, HI 96813, will testify regarding examination of materials from the incident.

30.  Jeff Spradlin, address unknown, will testify regarding the shooting incident.

31.  Patrick Quinn, 114 Apuwai Street, Haiku, Hawaii 96708, will testify regarding the shooting incident.

32.  Judy Quinn, 114 Apuwai Street, Haiku, Hawaii 96708, will testify regarding the shooting incident.

33.  Kirstie Carlson, 55 Kaui Place, Kula, Hawaii 96790, will testify regarding the shooting incident.

34.  Richard Sword, Ph.D., 135 S. Wakea, Kahului, HI 96732, will testify regarding treatment provided to Allen De Lara and other related matters.

35.   Heather Anne Peterson, 563 Kuanana Street, Paia, Hawaii 96779, will testify regarding the shooting incident.

36.   Jeffrey Aronowitz, 3 Spencer Court, Apt. 4-C, Brooklyn, NY 11205, will testify regarding the shooting incident.

37.   Shannon Rowe, M & S Auto Consultants, 717 Makawao Ave., Makawao, HI, will testify regarding data retrieval, removal, installation, disassembly and reassembly of vehicle interior.

38.   Benjamin Bland, c/o Corporation Counsel, 200 S. High Street, Wailuku, Hawaii 96793, will testify regarding the shooting incident.

39.   Jeffrey Murray, c/o Corporation Counsel, 200 S. High Street, Wailuku, Hawaii 96793, will testify regarding the shooting incident.

40.   Monica Galvagni-Burton, c/o Café Mambo, 30 Baldwin Avenue, Paia, Hawaii 96779, will testify regarding the shooting incident.

41.   Consuela Newton, 2463 Aikane Place, Haiku, Hawaii 96708, will testify regarding the theft of the vehicle, the decedent and the shooting incident.

42.   Roger Erickson, 22927 77th Avenue S.E., Woodenville, WA 98072-9536, will testify regarding the shooting incident.

43.   Carrie Vuich, c/o Moonbow Tropics, 20 Baldwin Avenue, Paia, Hawaii 96779, will testify regarding the shooting incident.

44.   Jeanne Erickson, 22927 77th Avenue S.E., Woodenville, WA

98072-9536, will testify regarding the shooting incident.

45.  Manuel Nunez, M & S Auto Consultants, 717 Makawao Ave., Makawao, HI, will testify regarding data retrieval, removal, installation, disassembly and reassembly of vehicle interior.

46.  Shauna Bergau, 2325 Kokomo Road, Haiku, Hawaii 96708, will testify regarding the theft of the Cadillac, the decedent and the shooting incident.

47.  Janice Pruett, 10 Holo Place, Paia, Hawaii, will testify regarding the shooting incident.

48.  Dane Johnson, 3557 A Baldwin Avenue, Makawao, HI 96708, will testify regarding the shooting incident.

49.  Dora Sialana, address unknown, will testify regarding the shooting incident.

50.  Reanna Magsanide, 710 Mopua Street, Haiku, Hawaii 96708, will testify regarding the shooting incident.

51.  Harriet Gushi, E. Kuhohi Street, Kahului, HI 96732, will testify regarding the shooting incident.

52.  Carolyn Aheong, 1705 Kalawi Drive, Wailuku, HI 96793, will testify regarding the shooting incident.

53.  Brian Ishikawa, Bank of Hawaii, Corporate Office, 111 S. King Street, Honolulu, Hawaii, will testify regarding photographs of the scene.

54.  Courtney Avichouser, address unknown, will testify regarding the shooting incident.

14

55.  Ann Marie Desierto, 714 Kilehau Street, Wailuku, HI 96793, will testify regarding the shooting incident.

56.  Melanie Evenson, 4300 Lower Kula Road, Kula, HI 96790, will testify regarding the shooting incident.

57.  William Carter, 3109 N. Noholoihi Way, Kihei, HI 96753, will testify regarding the shooting incident.

58.  Edward Sweet, 160 Stonewall Road, Berkeley, CA 94705, will testify regarding the shooting incident and damage to his vehicle.

59.  Harold Stevens, 541 Noe Street, San Francisco, CA 94114, will testify regarding the shooting incident and damage to his vehicle.

60.  Keith Watson, address unknown, will testify regarding the shooting incident.

61.  Stephan Soesbe, address unknown, will testify regarding the shooting incident.

62.  William Weber, address unknown, will testify regarding the shooting incident.

63.  Jillianne Danahay, 1337 S. 101 Street Apt. 318, Creighton, NE, will testify regarding the shooting incident.

64.  Colleen Danahay, 8801 Foxtail Drive, Lincoln, NE, will testify regarding the shooting incident.

65.  Katie Danahay, 2175 Easton, Kansas City, KS, will testify regarding the shooting incident.

66.  Alisha Kalar, 2175 Easton, Kansas City, KS, will testify regarding the shooting incident.

67.  Corey Martin, 3204 Hostetter Road, Washington Boro, PA, will testify regarding the shooting.

68.  Kirk Hardcastle, 563 Kuanana Street, Paia, HI 96779, will testify regarding the shooting.

69.  Thomas Ybarra, P.O. Box 791073, Paia, HI 96779, will testify regarding the decedent's actions on the date of the shooting.

70.  A representative from K & K Towing, 2000 Mokulele Highway, Kahului, Hawaii, will testify regarding transport of the subject vehicle.

71.  Bryant Baldonado, c/o Hertz Rent-A-Car, 850 Mokuea Place, Kahului, HI 96732, will testify regarding the theft of the vehicle, search of the vehicle, and other related matters.

72.  Rosanne Fernandez, 918 Hiilani Street, Haliimaile, HI, will testify regarding the theft of the vehicle and other related matters.

73.  Clifford Wong, c/o Clinical Laboratories, 91-2135 Fort Weaver Road #300, Ewa Beach, HI 96706, will testify regarding decedent's laboratory report and other related matters.

74.  Custodian of Records, Social Security Administration, 2200 Main Street, Suite 125, Wailuku, Hawaii 96793, will testify regarding benefits provided to Lisa Tomita Kaina and other related

16

matters.

75. Thomas Takeshita, Jr., Maui Police Department, 55 Mahalani Street, Wailuku, Hawaii 96793, will testify regarding the Computer Aided Dispatch System (CADS) and authenticate CADS documents and other related matters.

76. Terry Nakooka, Maui Police Department, 55 Mahalani Street, Wailuku, Hawaii 96793, will testify regarding the information received during the report of the theft of the Cadillac from Hertz, other information received regarding that vehicle, authenticate the audio tape of the 911 call, and testify regarding other related matters.

77. Tracy Ansai, Kimberly Holokai, Leilani Re, Heidi Elizares, Eric Stelene, Maui Police Department, 55 Mahalani Street, Wailuku, Hawaii 96793, will testify regarding the dispatch of information to police patrol officers on January 23, 2004 and other relevant matters.

78. Lynn Krieg, or other authorized representative, Department of Personnel Services, 200 S. High Street, Wailuku, Hawaii 96793, will testify regarding personnel matters, including any applicable union contracts, and other related matters.

79. Greg Takahashi, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, Hawaii 96793, will authenticate records, including personnel records, will testify regarding personnel matters and other related matters.

17

80.   Jim Sanders, 137 Hana Highway, Paia, Hawaii, will testify regarding the shooting incident.

81.   Kathy Collingsworth, 9435 Hollow Tree Court, Lincoln, Nebraska 68512, will testify regarding the shooting incident.

82.   Kerry Lassley-Miller, 9435 Hollow Tree Court, Lincoln, Nebraska 68512, will testify regarding the shooting incident.

83.   David Yoshida, Ph.D., Accident Analysis Associates, Inc., 2585 Park Boulevard, Ste. Z104, Palo Alto, CA 94306, will testify to the opinions previously disclosed.

84.   Lawrence Becraft, 55 Mahalani Street, Wailuku, HI 96793, will testify to the opinions previously disclosed.

85.   Robert Fonzi, P.O. Box 1154, Yucaipa, CA 92399, will testify to the opinions previously disclosed.

86.   Lehua Lukela, address unknown, will testify regarding the shooting incident.

87.   Sarah Coleman, address unknown, will testify regarding the shooting incident.

88.   Debbie Gibson, address unknown, will testify regarding the shooting incident.

89.   Brandon Conner or Cummer, address unknown, will testify regarding the shooting incident.

90.   Christina Ianetta, address unknown, will testify regarding the shooting incident.

91.   Tara Grace, Landmark Maui Properties, Inc., 39 Baldwin

18

Avenue, Paia, Hawaii 96779, will testify regarding the shooting incident.

92.  Francis Grace, address unknown, will testify regarding the shooting incident.

93.  Lance Holter, address unknown, will testify regarding the shooting incident.

94.  Frank Alconcel, address unknown, will testify regarding the shooting incident.

95.  Richard Mathews, address unknown, will testify regarding the shooting incident.

96.  Chris Yunker, address unknown, will testify regarding the shooting incident.

97.  Songeha Kim, address unknown, will testify regarding the shooting incident.

98.  Christine Riley, address unknown, will testify regarding the shooting incident.

99.  County Defendants reserve the right to name additional witnesses, including but not limited to, an expert in police policies and procedures.

100. County Defendants reserve the right to call all witnesses listed by any party in any responsive pretrial statement, settlement conference statements, answers to interrogatories, final naming of witnesses and through any designation of witnesses by any party herein.

101 County Defendants reserve the right to name rebuttal witnesses, as may be necessary. County Defendants will provide expert disclosure as required by Court rules and pretrial orders.

**X.    EXHIBITS, SCHEDULES AND SUMMARIES**

County Defendants have provided Plaintiffs with numerous documents responsive to their requests for production of documents. County Defendants will provide Plaintiffs, or make available to Plaintiffs, copies of the materials, documents, data compilations, or tangible things in their possession, custody, or control, which may be used by County Defendants to support their contentions with respect to any significant issue in this case upon request.

All documents received by subpoena or authorization, including, but not limited to records received from Social Security Administration, Nextel, medical and psychological records of Lisa Kaina, Maui Mental Health Records, Records of Dr. Sword, Records of Dr. Gise, court records, including, but not limited to restraining orders and criminal convictions, probation records of Lisa Kaina and related documents.

All documents identified by Plaintiffs or relied upon by Plaintiffs and/or produced by Plaintiffs.

All documents identified or relied upon by experts.

All documents disclosed in discovery.

Employment and tax records of Plaintiffs.

Photographs and diagrams of the scene.

Documents and other evidence collected by the Maui Police Department during its investigation, including, but not limited to, items found on Lisa Kaina and/or in the vehicle she was driving. For additional information, see the police reports which has previously been produced to the Plaintiffs.

## XI.  **FURTHER DISCOVERY OR MOTIONS**

County Defendants must complete the depositions of the Plaintiffs. These depositions have been continued several times at the request of Plaintiffs. In addition, the depositions of a few fact witnesses must be completed.

## XII.    **STIPULATIONS**

No stipulations have been requested or proposed. However, it is anticipated that the parties will stipulate to the admissibility of certain exhibits.

## XIII.    **AMENDMENTS, DISMISSALS**

No requested or proposed amendments to pleadings currently exist.

## XIV.    **SETTLEMENT DISCUSSION**

Plaintiffs offered to settle the case for $4.1 million. Defendants have not made a counter-offer. However, since the Court has ruled on its motion for summary judgment, an offer will be made at the upcoming settlement conference. It is highly unlikely that this case will settle.

21

**XV.        AGREED STATEMENT**

The presentation of the action will not be upon an agreed statement of facts.

**XVI.        BIFURCATION, SEPARATE TRIAL OF ISSUES**

Bifurcation or a separate trial does not appear appropriate.

**XVII.        REFERENCE TO MASTER OR MAGISTRATE JUDGE**

This case will be heard by a jury and not by a magistrate judge.  The Defendants may be willing to have this matter heard by a magistrate.

**XVIII.        APPOINTMENT AND LIMITATION OF EXPERTS**

No request has been made for the appointment of an expert or to limit the number of experts.

**IX.        TRIAL**

The trial for this matter is set for March 21, 2006.  A jury has been demanded.

**XX.        ESTIMATE OF TRIAL TIME**

It is anticipated that trial will last two to three weeks. The Defendants will require 5 to 6 days to present its case.

**XXI.        CLAIMS OF PRIVILEGE OR WORK PRODUCT**

Defendants are not claiming that any matters required to be disclosed in this statement are subject to privilege.

22

## XXII.    **MISCELLANEOUS**

There are no other subjects relevant to the trial of the action.

DATED:  Wailuku, Maui, Hawaii, ___February 7, 2006_.

BRIAN T. MOTO
Corporation Counsel
Attorney for County Defendants


By __/s/ Laureen L. Martin (for)_
    MOANA M. LUTEY
    Deputy Corporation Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA,) KAWIKA KAINA through their Next) Friend, MALIA KAINA; ISAAC KAINA;) AVON KEALOHA; MITSUO TOMITA; ANDY) TOMITA; JESSE TOMITA; AMOS TOMITA) AND AVON KEALOHA as Personal) Representative of the Estate of) LISA TOMITA KAINA,               )                         ) <br>          Plaintiffs,   )<br>   vs.                     )<br>                        )<br>COUNTY OF MAUI; COUNTY OF MAUI)<br>POLICE   DEPARTMENT;   NELSON)<br>JOHNSON; ALLEN DE LARA; AND DOE)<br>DEFENDANTS 3-100,          )<br>         Defendants   )<br>_____)<br>                        )<br>                        ) | CIVIL NO. CV 04-00608 DAE LEK (Other Non-motor vehicle tort)<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served on February 7, 2006, upon the following party, by depositing same in the U. S. mail, postage prepaid, at his last known address:

    David J. Gierlach, Esq.
    500 Ala Moana Blvd., Suite 330
    5 Waterfront Tower
    Honolulu, Hawaii 96813
    (Attorney for Plaintiffs)

    DATED: Wailuku, Maui, Hawaii, February 7, 2006.


                           By /s/ Laureen L. Martin (for)
                             MOANA M. LUTEY
                             Deputy Corporation Counsel