ORIGINAL

DAVID J. GIERLACH 5041
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu Hawaii 96813
Telephone: (808) 523-1332
Facsimile: (808) 526-2275
Email: gierlach@verizon.net

BRIAN A. DUUS 8196
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu Hawaii 96813
Telephone: (808) 523-1332
Facsimile: (808) 526-2275
Email: gierlach@verizon.net

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 09 2006

at 3 o'clock and 40 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LISA TOMITA KAINA, | ) | CIVIL NO. CV 04 00608 DAE [Non-Motor Vehicle Tort] |
| | ) | PLAINTIFFS' REDACTED PRETRIAL STATEMENT; CERTIFICATE OF SERVICE |
| | ) | PRETRIAL CONFERENCE: |
| Plaintiffs, | ) | DATE: FEBRUARY 14, 2006 |
| | ) | TIME: 9:00 A.M. |
| vs. | ) | JUDGE: LESLIE KOBAYASHI |

[CAPTION CONTINUED]

COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; ; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100 DEFENDANTS,

Defendants.

TRIAL: MARCH 21, 2006

PLAINTIFFS' REDACTED PRETRIAL STATEMENT

Plaintiffs hereby submit their Redacted Pretrial Statement pursuant to Rule 235-7 of the *Rules of the United States District Court for the District of Hawaii* and LR16.6 of the *Local Rules of the United States District Court for the District of Hawaii*.

A. PARTIES

This Pretrial Statement is submitted on behalf of Megan Kaina, Kamaile Kaina, Kawika Kaina through their Next Friend, Malia Kaina; Isaac Kaina; Avon Kealoha; Mitsuo Tomita; Andy Tomita; Jesse Tomita; Amos Tomita and Avon Kealoha as Personal Representative of the Estate of Lisa Tomita Kaina.

B. JURISDICTION AND VENUE

This is a civil rights action for damages and is founded on a claim of deprivation of constitutional rights under 42 U.S.C. § 1983 and the First, Fourth,

Fifth, Eight, Ninth, and Fourteenth Amendments of the *Constitution of the United States*. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and this Court is the District Court for the district embracing the County of Maui, State of Hawaii wherein the alleged civil rights violations occurred.

C. SUBSTANCE OF ACTION

On or about January 23, 2004, Lisa Tomita Kaina, the Deceased, was operating a motor vehicle and was pursued by police officers in Paia. Police successfully blocked the Deceased such that her use of the motor vehicle did not present an imminent threat of serious bodily injury or death to police officers or others. Defendants Nelson Johnson and Allen DeLara approached the Deceased with their weapons drawn and fired two shots point blank at the Deceased, killing her. The use of force was excessive and unjustified.

D. UNDISPUTED FACTS

That a bullet fired from either the gun of Nelson Johnson or Allen DeLara was the direct and proximate cause of the death of Lisa Kaina. Other undisputed facts are set forth in the parties' Concise Statement of Facts regarding Defendants' Motion for Summary Judgment.

E. DISPUTED FACTUAL ISSUES

All other issues are in dispute, including the issue of damages.

F. RELIEF PRAYED

That judgment enter in favor of Plaintiffs and against Defendants on each count of the Complaint.

G. POINTS OF LAW

After the County filed its Motion for Summary Judgment, Judge Ezra granted the motion with respect to the County's liability under 42 U.S.C. § 1983. Judge Ezra denied the motion with respect to the individual officers. Judge Ezra granted the motion with respect to the County's liability under the state tort claims and denied such liability regarding the individual officers' actions. Plaintiffs have filed a Motion for Reconsideration regarding Judge Ezra's ruling exonerating the County of liability under 42 U.S.C. § 1983 and under a negligent supervision theory.

Pursuant to *Tennessee v. Garner*, 471 U.S. 1 (1985), deadly "[f]orce may not be used unless it is necessary to prevent the escape [of a suspect] and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Id.* at 3. "Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend [a suspect] does not justify the use of deadly force to do so." *Id.* at 11.

An officer who unreasonably creates a risk of harm may not use that risk to justify the use of deadly force. *Estate of Starks v. Enyart*, 5 Fed.3d 230, 234 (7th Cir. 1994).

The use of deadly force is judged by an objectively reasonable standard considering all of the attendant circumstances and it is typically a question for the jury to decide. *Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002).

The remaining claims are state tort claims against the individual officers. These include assault and battery, intentional and negligent infliction of emotional distress, negligent supervision, wrongful death and punitive damages.

H. PREVIOUS MOTIONS

Motion for summary judgment and Motion for Reconsideration.

I. WITNESSES TO BE CALLED

Plaintiffs

1. Plaintiffs
2. Nelson Johnson
3. Allen De Lara
4. Darrell Ramos, MPD
5. Lehua Lukela
6. Sarah Coleman
7. Debbie Gibson
8. Brandon Conner or Cummer
9. John Dunbar
10. Christina Ianetta
11. Ron Destefano

12. Tara Grace
13. Francis Grace
14. Willow Scott
15. Ed (last name unknown)
16. Lt. Glen Cuomo
17. Jim Sanders
18. Lance Holter
19. Joseph Crisafulli
20. Frank Foti
21. Suzanne Foti
22. Dana Adams
23. Officer Ryan Pursley
24. Officer Joshua Haglan
25. Chief Thomas Phillips
26. Frank Alconcel
27. Richard Matthews
28. Carolyn Aheong
29. Tistrya Hamilton
30. Jeff Spradlin
31. Chris Yunker
32. Detective Don Simpson
33. Anthony Manoukian, M.D.
34. Senica DeStefano
35. Nicole Bennett
36. Sarah Elwell
37. Songcha Kim
38. Cary Young
39. Benjamin Bland
40. William Carter
41. Harold Stevens
42. Ed Sweet
43. William Grant
44. Dennis Manalili
45. Ken Pinskey
46. Rayleen Haupu
47. Christopher Chang
48. Darell Ramos

49. Courtney Avichouser
50. Dora Sialana
51. Roger Erickson
52. Philip Foti, M.D.
53. Richard Sword, Ph.D.
54. Daniel Warren
55. John Dunbar
56. Harry Haia
57. Kirsteen Carlson
58. Ann Saros
60. Detective Ronald Hiyakumoto
61. Christine Riley
62. John Tevas

63. All persons identified in any police investigatory reports regarding the shooting.

64. Plaintiffs reserve the right to name all other witnesses listed by Defendants in any Disclosure Statement and Pretrial Statement.

65. Custodian of records of the following medical providers and/or emergency response teams to authenticate medical records and/or police reports, and/or bills in the event it is required.

66. Maui Police Department
Hawaii Emergency Medical Services
Maui Memorial Medical Center

67. Plaintiffs may call any witness, expert or other, listed in any party's pleadings or otherwise identified by any party, discovered hereafter, deposed, or used for rebuttal, where the testimony of any such witness will be relevant to any

issue in this case.

J. EXHIBITS, SCHEDULES AND SUMMARIES

Plaintiffs intend to introduce as exhibits all police reports, witness statements, ballistic tests, photographs of the relevant motor vehicles, autopsy photographs, pathology reports, expert reports, all exhibits attached to any depositions taken in the case and any other materials relevant to this case.

K. FURTHER DISCOVERY OR MOTIONS

Plaintiffs' Motion for Reconsideration.

L. STIPULATIONS

No stipulations are foreseen at this time.

M. AMENDMENTS, DISMISSALS

Plaintiffs do not plan any amendments and/or dismissals at this time.

N. SETTLEMENT DISCUSSIONS

None.

O. AGREED STATEMENT

An agreed statement is unlikely.

P. BIFURCATION, SEPARATE TRIAL OF ISSUES

It is unlikely that Plaintiffs will seek bifurcation or a separate trial of the issues herein.

Q. REFERENCE TO MASTER OR MAGISTRATE JUDGE

This case is replete with mainland lay witnesses and expert witnesses. A firm trial date is therefore very desirable. Plaintiffs do not oppose reference of this case to a magistrate so that a firm date may be set.

R. APPOINTMENT AND LIMITATION OF EXPERTS

Plaintiffs feel that such an appointment or limitation is unnecessary.

S. TRIAL

A jury trial has been scheduled in this matter to commence on March 21, 2006 before the Honorable David A. Ezra.

T. ESTIMATE OF TRIAL TIME

Two weeks.

U. CLAIMS OF PRIVILEGE OR WORK PRODUCT

There are no claims of privilege or work product at this time.

V. MISCELLANEOUS

There are no other matters to be entertained and discussed at this time.

DATED: Honolulu, Hawaii, February 9, 2006.

DAVID J. GIERLACH
BRIAN A. DUUS

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LISA TOMITA KAINA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON, ALLEN DeLARA; AND DOE DEFENDANTS 3-100 DEFENDANTS<br><br>Defendants. | CIVIL NO. CV 04 00608 DAE<br>[Non-Motor Vehicle Tort]<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document will be duly served by UNITED STATES MAIL, postage prepaid, and/or FACSIMILE TRANSMISSION, to the party identified below at her last known address on the

date herein indicated:

MOANA M. LUTEY, ESQ. (808) 270-7152
Deputy Corporation Counsel
Department of Corporation Counsel
200 S. High Street
Wailuku, Maui, Hawaii 96793

Attorney for Defendants

DATED: Honolulu, Hawaii, February 9, 2006.

DAVID J. GIERLACH
BRIAN A. DUUS
Attorneys for Plaintiffs