DEPARTMENT OF THE CORPORATION COUNSEL     205

BRIAN T. MOTO         5421
Corporation Counsel
MOANA M. LUTEY        6385
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:   (808) 270-7740
S:\ALL\MMR\CIV\Kaina\memo in opp mtn to recon.wpd

Attorneys for Defendants
  COUNTY OF MAUI, COUNTY OF MAUI
  POLICE DEPARTMENT, NELSON JOHNSON,
  AND ALLEN DE LARA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MEGAN KAINA, et al., | ) | CIVIL NO. 04-00608 DAE LEK |
| | ) | |
| Plaintiffs, | ) | DEFENDANTS COUNTY OF MAUI, |
| | ) | COUNTY OF MAUI POLICE |
| vs. | ) | DEPARTMENT, NELSON JOHNSON, |
| | ) | AND ALLEN DE LARA'S |
| COUNTY OF MAUI; et al., | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | PLAINTIFFS' MOTION FOR |
| Defendants. | ) | RECONSIDERATION OF |
| | ) | DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT; CERTIFICATE |
| | ) | OF SERVICE |
| _____ | ) | |

**DEFENDANTS COUNTY OF MAUI, COUNTY OF MAUI POLICE DEPARTMENT
NELSON JOHNSON AND ALLEN DE LARA'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION
<u>OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

Defendants COUNTY OF MAUI, COUNTY OF MAUI POLICE DEPARTMENT,

NELSON JOHNSON, and ALLEN DE LARA (hereinafter collectively "COUNTY"), by and through its attorneys, Brian T. Moto, Corporation Counsel, Moana M. Lutey, Deputy Corporation Counsel, hereby submits its Memorandum in Opposition to Plaintiffs' Motion for Reconsideration. There is absolutely no valid reason for this Court to reconsider its decision granting County Defendants' Motion for Summary Judgment in part. As such, Plaintiffs' motion should be denied.

I.   **ARGUMENT**

   A.   **PLAINTIFFS' MOTION FOR RECONSIDERATION IS INAPPROPRIATE AND SHOULD BE DENIED**

Motions for reconsideration are permitted only in very narrow circumstances. It is well established that:

> [M]otions to reconsider are not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented . . . Nor is a motion to reconsider justified on the basis of new evidence which could have been discovered prior to the court's ruling . . . Finally, 'after thoughts' or 'shifting of ground' do not constitute an appropriate basis for consideration."

U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal 2001).

The grounds for a motion for reconsideration are restrictive to,

". . . 'reflect [the] district courts' concern for preserving dwindling resources and promoting judicial efficiency.'" <u>U.S. v. Westlands Water Dist.</u>, 134 F. Supp. 2d at 1130, quoting <u>U.S. v. Navarro</u>, 959 F. Supp. 1273, 1299 (E.D. Cal. 1997), reversed by <u>United States v. Navarro</u>, 160 F.3d 1254 (9th Cir. 1998), cert. denied, 527 U.S. 1011, 119 S. Ct. 2354, 144 L. Ed. 2d 249 (1999)(the reversal did not affect the district court's denial of reconsideration); quoting <u>Costello v. United States Gov't.</u>, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).

Plaintiffs' Motion for Reconsideration is exactly what case law, and the federal rules, prohibit - merely a rehash of arguments that have previously been made, or should have been made. On that basis, this motion is inappropriate and should be denied.

    **B.**    **PLAINTIFFS HAVE FAILED TO SHOW THAT THEY HAVE GROUNDS TO FILE A MOTION FOR RECONSIDERATION UNDER FRCP RULE 59(e)**

In their Motion for Reconsideration, Plaintiffs assert that their motion is being filed pursuant to FRCP Rule 59. Although Plaintiffs claim Rule 59 is applicable, it is clear that their motion should be treated as a FRCP Rule 60 motion because it was filed more

than ten days after the Court's order.[1]  "A Rule 59(e) motion for reconsideration that is filed outside the ten-day period may be interpreted as a Rule 60(b) motion." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal 2001); accord Taylor v. Knapp, 871 F.2d 803 (9th Cir. 1989).  For purposes of argument, however, their claim that this rule is an appropriate vehicle for reconsideration will be discussed.

Reconsideration of an order under FRCP Rule 59(e) would be appropriate only in certain circumstances.  Specifically, reconsideration under this rule would be appropriate if Plaintiffs were able to produce newly discovered evidence, show that the Court committed clear error, show that initial decision was manifestly unjust, or show a change in controlling law. 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)(citing Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)(citing All Haw. Tours, Inc. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 648 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988).

---

[1] Eleven days elapsed between the Court's Order and Plaintiffs' Motion.  The Court's Order was filed on January 26, 2006, while Plaintiffs' Motion was served on February 6, 2006.

Plaintiffs have failed to provide anything to this Court showing that their motion falls within the constraints of FRCP Rule 59. Rather, in their Memorandum in Support, Plaintiffs assert that their motion was filed on the basis that they, ". . . have raised a genuine issue of material fact that is appropriately determined by the jury." See Plaintiffs' Memorandum in Support, page 2.  Plaintiffs' argument that genuine issues of material fact exist is not sufficient to warrant reconsideration, especially in light of the fact that this argument has previously been made by Plaintiffs in their Memorandum in Opposition to County's Motion for Summary Judgment.[2]

It is well established that a motion for reconsideration, ". . . should not merely present arguments previously raised, or which could have been raised in the initial summary judgment motion." Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985).  Yet this is exactly what Plaintiffs are doing in the instant motion.

### 1. PLAINTIFFS FAIL TO PRESENT ANY EVIDENCE THAT RECONSIDERATION OF THE FOLLOWING MATTERS FALLS WITHIN THE CONSTRAINTS OF RULE 59

#### a) Negligent Supervision

In their Memorandum in Support, Plaintiffs assert that the

---

[2]See Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment, page 1.

Court, ". . . applied the wrong legal standard in evaluating their negligent supervision claims against the County."  See Memorandum in Support, page 2.

This claim is a thinly veiled attempt to present argument that Plaintiffs should have included in their Memorandum in Opposition, but did not.  Rather, Plaintiffs briefed this issue in less than one page with no supporting evidence.  In addition, Plaintiffs cited <u>City of Canton v. Harris</u>, 489 U.S. 378, 109 S. Ct. 1197 (1989), in support of their position, which is a case cited to by the Court in its order.  Because there are no reasons which fall under FRCP Rule 59 for reconsideration of this issue, this claim should be denied.

### b)  DISCIPLINARY RECORD

Plaintiffs spent a substantial amount of time briefing Officer Johnson's disciplinary record in their Memorandum in Opposition.  The argument contained in the instant motion is merely a repetition of what has previously been argued.  Rehashing of <u>previously</u> made arguments is not permitted under Rule 59.

### c)  FAILURE TO TRAIN

Plaintiffs briefed this issue in their Memorandum in Opposition.  The only difference between the instant version and the prior version is that the instant version contains two additions.

The first is additional quotes from Officer De Lara's deposition. Plaintiffs had all of this information before filing their Memorandum in Opposition. If this information was important to the decision of this matter, it should have previously been raised. Plaintiffs are incapable of showing that this information should be reconsidered.

The second addition is the claim that it would be unfair to Officer De Lara to dismiss the County. As touching as that argument may be, Plaintiffs certainly could dismiss Officer De Lara if they are truly concerned about his well being. Otherwise, perhaps his defense should be left in the hands of his counsel. It is highly unlikely that Officer De Lara would argue inadequate training. In any event, like Plaintiffs' other arguments, this should have been made in Plaintiffs' Memorandum in Opposition. Raising it at this juncture is untimely and inappropriate under Rule 59.

    **C.   FRCP RULE 60 DOES NOT PROVIDE GROUNDS FOR RECONSIDERATION OF THIS MOTION**

Reconsideration under Rule 60(b) would be permitted, in relevant part, based on: "1) mistake, inadvertence, surprise or excusable neglect . . . 3) fraud . . . misrepresentation, or other misconduct of an adverse party; 4) the judgment is void . . . or 4) any other

reason justifying relief from the operation of the judgment. FRCP 60(b)(1) – (b)(6).

As discussed above, Plaintiffs request reconsideration of arguments that have previously been made, or should have been made. Case law has established that motions under Rule 60(b) are appropriate: "1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal 2001) citing Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Plaintiffs make no such argument.

Rather, Plaintiffs' arguments merely show their discontent with the Court's ruling. In Birmingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-857 (D.N.J. 1992), the Court stated that:

> A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision . . .'

Plaintiffs have failed to show more than discontent with the Court's order. On that basis, Plaintiffs' motion should be denied.

**II. CONCLUSION**

Based on the foregoing, County respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration.

DATED: Wailuku, Maui, Hawaii, February 17, 2006.

>BRIAN T. MOTO
>Corporation Counsel
>Attorney for Defendants
>  COUNTY OF MAUI,
>  COUNTY OF MAUI POLICE
>  DEPARTMENT, NELSON JOHNSON,
>  AND ALLEN DE LARA
>
>
>By /s/ Moana M. Lutey
>   MOANA M. LUTEY
>   Deputy Corporation Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MEGAN KAINA, et al., | ) | CIVIL NO. 04-00608 DAE LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| COUNTY OF MAUI; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served on February 17, 2006, by depositing same in the U.S. Mail, postage prepaid, at his last known address:

> David J. Gierlach, Esq.
> 500 Ala Moana Boulevard
> Suite 330, 5 Waterfront Plaza
> Honolulu, Hawaii 96813
> Wailuku, Hawaii 96793
> (Attorneys for Plaintiffs)

DATED: Wailuku, Maui, Hawaii, February 17, 2006.

> BRIAN T. MOTO
> Corporation Counsel
> Attorney for Defendants
>   COUNTY OF MAUI,
>   COUNTY OF MAUI POLICE
>   DEPARTMENT, NELSON JOHNSON
>   AND ALLEN DE LARA

```
By /s/ Moana M. Lutey
   MOANA M. LUTEY
   Deputy Corporation Counsel
```