CC: DATE
ORIGINAL

DAVID J. GIERLACH 5041
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu Hawaii 96813
Telephone: (808) 523-1332
Facsimile: (808) 526-2275
Email: gierlach@verizon.net

BRIAN A. DUUS 8196
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu Hawaii 96813
Telephone: (808) 523-1332
Facsimile: (808) 526-2275
Email: gierlach@verizon.net

Attorney for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
FEB 23 2006
at 3 o'clock and 44 min. P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LISA TOMITA KAINA, | CIVIL NO. CV 04 00608 DAE [Non-Motor Vehicle Tort] |
| Plaintiffs, | PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FILED FEBRUARY 6, 2006; CERTIFICATE OF SERVICE |
| vs. | TRIAL: MARCH 21, 2006 |

[CAPTION CONTINUED]

COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; ; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100 DEFENDANTS,

Defendants.

PLAINTIFFS' REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, FILED FEBRUARY 6, 2006

Defendants County of Maui, County of Maui Police Department, Nelson Johnson and Allen De Lara make no substantive arguments to Plaintiffs' Motion for Reconsideration, and only specious procedural ones.

First, Plaintiffs' Motion was filed within the correct time frame. The Court's Order entered on January 26, 2006, and Plaintiffs filed their Motion on February 6, 2006. Admittedly eleven, not ten, days later, but under the *Federal Rules of Civil Procedure* Rule 6(a), since the tenth day fell on a Sunday, Plaintiffs were entitled to the extra day.

Second, Plaintiffs do not display only mere "discontent." Respectfully, and as Defendants noted, Plaintiffs submitted that this Court "applied the wrong legal standard in evaluating their negligent supervision claims," a mistake of law

that is proper grounds for reconsideration. Defendants assert Plaintiffs cited *City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197 (1987) in support of their claim, and offered no supporting evidence. Defendants misrepresent Plaintiffs' position as stated in Plaintiffs' Opposition:

> The Supreme Court in *Canton* held the County has a duty to train police in deadly force because to "a moral certainty" it is foreseeable police will use deadly force. Plaintiffs have submitted substantial evidence the County breached this duty. **Also**, Defendants' own expert testified repeated violations by an officer (such as Johnson's violent history) may trigger the need for increased training, yet the County provided none. Defendants' Motion as to Negligent Supervision may therefore be denied.

Plaintiffs' Memorandum in Opposition at 34-35 (emphasis added).

Plaintiffs did not rely solely upon their allegations the County failed to train their officers in deadly force to support their negligent supervision claim.

Plaintiffs also put on record Johnson's violent history, which Defendants' own expert testified could trigger the need for increased training, and the fact that the County took no appropriate supervisory action despite Johnson's history of assault and battery. Plaintiffs cited Hawaii state law, *Fraser v. County of Maui*, 855 F. Supp. 1167 (D. Haw. 1994), to show that when the County breached its established duty to supervise and control its employee Johnson, then the County is

liable under state tort law. The jury should have the right to determine whether Defendants' expert's own assessment of the situation was correct, and whether the County should have done something to control Johnson given his history of assault and battery.

Third, Plaintiffs' respectfully submitted the Court erred as a matter of law in dismissing the County from 42 U.S.C. § 1983 liability under a failure to train theory. As part of their argument, Plaintiffs' explained that Allen De Lara is deprived of a defense. Defendants responded somewhat sarcastically in response, and asserted "it is highly unlikely Allen De Lara would argue inadequate training."

Plaintiffs must request that the Court hold Defendants to that statement should the County be released. It would be patently unfair to Plaintiffs to allow the County out because of a finding of insufficient evidence of inadequate training, then to allow De Lara and possibly Johnson to testify to precisely that in order to shield themselves from liability.

Whether or not this in the best interests of De Lara and Johnson, Plaintiffs respectfully leave that to their Counsel to decide.

DATED: Honolulu, Hawaii, February 23, 2006.

DAVID J. GIERLACH
BRIAN A. DUUS
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LISA TOMITA KAINA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-300;<br><br>Defendants. | CIVIL NO. CV 04 00608 DAE<br>[Non-Motor Vehicle Tort]<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document will be duly served by UNITED STATES MAIL, postage prepaid and/or FACSIMILE TRANSMISSION, to the party identified below at her last known address on the

date herein indicated:

MOANA M. LUTEY, ESQ. (808) 270-7152
Deputy Corporation Counsel
Department of Corporation Counsel
200 S. High Street
Wailuku, Maui, Hawaii 96793

Attorney for Defendants

DATED: Honolulu, Hawaii, February 23, 2006.

DAVID J. GIERLACH
BRIAN A. DUUS
Attorneys for Plaintiffs