IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA, ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF MAUI, COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>　　　　　Defendants.<br>_____ | CV NO 04-00608 DAE/LEK |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF
<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Plaintiffs' motion and the

supporting and opposing memoranda, the Court DENIES Plaintiffs' Motion for Reconsideration of Defendants' Motion for Summary Judgment.

## BACKGROUND

On January 23, 2004, Rosanne Fernandez ("Fernandez"), an employee at Hertz Rent-A-Car, noticed a white Cadillac backing up in the rental car lot in Kahului. Realizing that the driver was not an employee, Fernandez approached the Cadillac, at which point the driver, decedent Lisa Kaina ("Kaina"), suddenly drove the Cadillac toward her. Fernandez jumped out of the way to avoid being hit by the Cadillac. Immediately thereafter, Fernandez dialed 911 and reported that she had almost been run over by a Cadillac stolen from the Hertz rental lot. The police dispatcher then alerted local authorities in the area that a Hertz employee had almost been run over by a stolen Cadillac. At the time of the dispatch, Maui County Police Department ("MCPD") officers Nelson Johnson ("Johnson") and Allen De Lara ("De Lara") were on patrol in Paia and answered the call.

Soon after Johnson and De Lara encountered Kaina, she drove the Cadillac onto a sidewalk near a Bank of Hawaii building off Baldwin Avenue. The Cadillac subsequently reversed from the sidewalk and collided with De Lara's vehicle. Kaina then drove the car back on the sidewalk before reversing again and colliding with a red Tracker parked next to De Lara's vehicle. The impact with the

Tracker forced it into De Lara's vehicle.  Subsequent to hitting the Tracker, Kaina again drove the Cadillac onto the sidewalk this time colliding with a palm tree.

As described more thoroughly in the January 26, 2006 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("Order"), Plaintiffs and Defendants offer markedly different accounts of what transpired from this point forward.  Plaintiffs assert that Kaina's car was immobilized on the sidewalk and that De Lara and Johnson fired shots at Kaina despite the fact that she posed no danger to them or other pedestrians.  Defendants contend that Kaina's car was not trapped and that she could have escaped and endangered others.  Furthermore, Defendants maintain that as De Lara approached the car from behind, the spinning wheels caught traction, and the car began reversing directly toward De Lara.  Johnson believing that the car was going to hit De Lara and possibly cause him death or great bodily injury, fired a shot at the driver.

On November 2, 2005, Defendants filed a motion for summary judgment asserting, inter alia, that no genuine issues of facts exist as to whether the County of Maui and the Maui Police Department can be held liable for the actions of De Lara and Johnson.  On January 26, 2006, this Court granted Defendants' Motion for Summary Judgment with respect to the claims against the County of Maui and the Maui County Police Department for violations of Section 1983 of

Title 42 of the United States Code, negligent supervision and training, and punitive damages, and denied Defendants' Motion as to the remaining claims.  On February 6, 2006, Plaintiffs filed the instant Motion for Reconsideration asserting that the Court erred in dismissing the claims against the County of Maui and the Maui County Police Department.

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court and will not be reversed absent an abuse of discretion.  Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982).  This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded.  Rogers v. Watt, 772 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Carnell, 872 F. Supp. at 758.  There are three major grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability


of new evidence; (3) the need to correct clear error or prevent manifest injustice." Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988).

The District of Hawaii has implemented these standards in Local Rule 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact. Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003). The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision. Id.

## DISCUSSION

I.   The Court Did Not Err In Finding That Plaintiffs Failed To Present Evidence Sufficient To Assert A Claim Against The County and the MCPD Pursuant To 42 U.S.C. § 1983

In its Order, this Court found that Plaintiffs had failed to set forth evidence that the actions of De Lara and Johnson were undertaken pursuant to a County or MCPD policy. The Court also held that Plaintiffs had not shown that a genuine issue of fact exists as to whether the County exhibited reckless or deliberate indifference by failing to train officers in the use of deadly force. In asserting that the Court erred in reaching this conclusion, Plaintiffs set forth two arguments: (1) they reassert that issues of fact exist at to whether the MCPD

provided inadequate training to the officers with regard to the use of deadly force; and (2) that it would be unfair to dismiss the County and the MCPD as Johnson and De Lara might later assert as a defense that their training was insufficient. The Court addresses these arguments in turn.

As discussed exhaustively in the Order, the Supreme Court has held that in order to impose liability upon a municipality for failure to train, a plaintiff must show that such failure constituted a "deliberate indifference" to constitutional rights. City of Canton, 489 U.S. 378, 388 (1989). An example of this might occur where a municipality fails to provide any training in the use of lethal force or where it declines to provide further training where the circumstances clearly illustrate such need. Id. at 390 n.10.

In its Order, the Court correctly held that Plaintiffs have not provided any details regarding MCPD training in the use of lethal force in recruit school. Notably, Plaintiffs do not dispute that such training was provided. Rather, Plaintiffs appear to rely on the tautological argument that because De Lara and Johnson used allegedly unlawful force in the present case, therefore their training was insufficient. Plaintiffs had ample opportunity to collect evidence regarding this issue during discovery, and either failed to do so, or declined to present such evidence to the Court. Plaintiffs' reliance on selective statements made by De Lara

6

and Johnson, where they are unable to recall certain specifics regarding the training they received, is insufficient as a matter of law to create a triable issue of fact as to whether the County exhibited "reckless indifference" to Plaintiffs' rights by failing to train their officers in the use of deadly force.[1]  Therefore, Plaintiffs have failed to show that the Court committed manifest error in determining that, as a matter of law, no claims lie against the County or MCPD pursuant to 42 U.S.C. § 1983.

      Plaintiffs' argument that it would be unfair to release the County and MCPD at this juncture is similarly without merit.  As an initial matter, Plaintiffs could have asserted this argument prior to the Court's adjudication of Defendants' motion for summary judgment.  See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3rd Cir. 1995) (finding that the presentation of facts or arguments that could have been presented in the original motion is improper on a motion for reconsideration).  Furthermore, as a matter of law, the County cannot be held liable for failure to train absent a showing of "reckless indifference."  Plaintiffs bore the burden of setting forth sufficient evidence to create a triable issue of fact regarding this issue.  As explained above, Plaintiffs have not met their burden.  Plaintiffs cannot rely on hypothetical testimony that De Lara or Johnson may or may not

---

[1] In their motion, Plaintiffs also reassert that the MCPD taught officers that a subjective rather than an objective standard applies to an officer's assessment of whether or not lethal force is justified.  The Court expressly rejected this contention in the January 26 Order finding that it mischaracterized the deposition testimony of Johnson.

provide at trial to overcome their evidentiary deficiencies.[2]

II.     Plaintiffs' Claims For Negligent Supervision

Plaintiffs assert that this Court erred in finding that Plaintiffs had failed to state a claim for Negligent Supervision under Hawaii law.  In particular, Plaintiffs contend that the Court applied the wrong legal standard.  The Court disagrees.

In its Order, the Court specifically held that Hawaii law recognizes a claim for negligent supervision.  In addition, it noted that the operative inquiry in a claim for negligent supervision is one of foreseeability.  (Order at 25.)  Where the County "knew, or reasonably should have anticipated, that one of its employees would commit an intentional tort against a person to whom the [County] owed a duty of care, the [County] is liable for the negligence of those employees who were in a position to take reasonable precautions against the anticipated harm."  Doe Parents No. 1 v. Dep't of Educ., 58 P.3d 545, 579 (Haw. 2002).  Plaintiffs do not

---

[2]Plaintiffs contend that if the Court holds that the County is not liable pursuant to 42 U.S.C. § 1983, the Court necessarily deems evidence of De Lara and Johnson's training irrelevant and therefore subject to exclusion at trial.  The Court makes no such determination.  Rather, it declines to consider evidentiary objections to hypothetical testimony at this stage.  Plaintiffs remain free to assert such objections at trial by way of standard exclusionary objections or procedures.

dispute that this is the applicable standard. Rather, Plaintiffs curiously suggest that the Court applied a standard of "deliberate indifference" to their claim for negligent supervision as opposed to one of foreseeability. Plaintiffs are mistaken.

Contrary to Plaintiffs' assertion, the Court did not apply a "deliberate indifference" standard in assessing whether Plaintiffs had set forth a state law claim for negligent supervision. The Court discussed the holding in <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966 (3rd Cir. 1996), but only as a basis for distinguishing it from the case at bar. At no point did the Court employ or otherwise analyze Plaintiffs' claim under anything but a foreseeability standard. In fact, the Court expressly stated that it found "nothing in the record sufficient to support the conclusion that it was ***reasonably foreseeable*** that Johnson might use inappropriate lethal force in effectuating an arrest." (Order at 28). Plaintiffs' contention that the Court applied a different standard is erroneous.

Plaintiffs next assert that the Court committed error in finding that no issues of fact exist as to whether the County could have reasonably foreseen that Johnson might engage in the conduct at issue. In arguing that the Court erred, Plaintiffs attempt to re-frame the issue by characterizing it as whether the County should have been aware that Johnson might commit the generalized tort of assault and battery rather than the conduct specifically alleged in this case. Plaintiffs'

9

argument is inapposite. Plaintiffs contend that, based on Johnson's history, the County had a duty to provide Johnson with additional supervision or training with regard to the use of deadly force. Therefore, the issue is not whether the County should have been aware that Johnson might at some point commit an assault against another person, but whether given Johnson's background it was foreseeable he might use deadly force in effectuating an arrest, and therefore should have provided more training in this area. In its Order, this Court undertook an exhaustive inquiry into the past incidents alleged by Plaintiffs. While disturbing, the Court found that none of the events would reasonably have put the County on notice that Johnson might have a proclivity to use deadly force in effectuating an arrest.[3] Therefore, the Court finds that Plaintiffs' argument is simply a restatement of their earlier position, which this Court already rejected.

---

[3]The only incident that Plaintiffs cite where Johnson allegedly used excessive force to effectuate an arrest in the Heue incident. However, as noted in the Order, this claim was never substantiated and Heue never filed a complaint, despite notice and an opportunity to do so.

CONCLUSION

For the reasons stated above, the Court hereby DENIES Plaintiffs' Motion for Reconsideration of Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 31, 2006.



David Alan Ezra
United States District Judge

Megan Kaina, et al. v. County of Maui, et al., Civil No. 04-00608 DAE/LEK; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT