# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

06/27/2006  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 04-00608DAE-LEK |
| CASE NAME: | Megan Kaina, et al. Vs. County of Maui, et al. |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 06/27/2006 | TIME: | |

COURT ACTION:   **EO: DISCOVERY ORDER:**

       Before the Court is Plaintiff Megan Kaina's ("Plaintiff") request to compel Defendant County of Mau`i  ("County Defendant") to produce "the telephone numbers and telephone service providers for Defendant Nelson Johnson." [Pl.'s 06/08/06 Letter at 1.]  County Defendant objects to the production of the requested telephone records. [Def.'s 6/8/06 Letter at 1.]  The parties submitted their letter briefs on June 8, 2006, pursuant to LR37.1(c).

       Plaintiff contends that "[her counsel] have been told by Frank Foti, former husband of Christina Ianetta, that Christina Ianetta and Nelson Johnson are close friends.  Christina Ianetta is a well-known drug dealer.  Ianetta told Foti that on the day of Kaina's shooting, Ianetta and Kaina were arguing outside of a store. . . .  Only hours hereafter [sic], Kaina was dead, in a different stolen car, with the type of drugs Ianetta deals.  Johnson was the first officer to react to the discovery that Kaina had stolen a car."  [Pl.'s 6/8/06 Letter at 2.]  Based on this information, Plaintiff argues that she should be permitted to discover the telephone records because "[i]t is not beyond the imagination that Ianetta contacted Johnson and informed him of Kaina's whereabouts and plants.  It is also possible that Johnson, either through Ianetta or through another source, had a pre-existing relationship with Kaina."  [Id.]

       County Defendant, on the other hand, objects to the production of telephone records and telephone numbers for Officers Johnson and De Lara for the "thirteen month period preceding Ms. Kaina's death." [Def.'s 6/8/06 Letter at 1.]   County Defendant

argues that "there is no legitimate purpose for seeking this information, . . . [and] this information is being sought for some other improper purpose." [Id. at 3.]

Rule 26(b)(1) provides that the scope of discovery is generally "any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). The rule (which was amended in 2000) focuses party-controlled discovery in terms of claims and defenses. Whether information is discoverable depends on the specifics of the litigation. See Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000 Amendment) ("The Committee intends that the parties and the court focus on the actual claims and defenses . . . . [I]nformation that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable . . . [depending] on the circumstances of the pending action.").

While Rule 26's requirement of "relevancy is broadly construed," Alexander v. Fed. Bureau of Investigation, 194 F.R.D. 316, 325 (D.D.C. 2000), that requirement nevertheless should be "firmly applied." Herbert v. Lando, 441 U.S. 153, 177 (1979) ("To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery . . . ." (citing Fed. R. Civ. P. 26(c))). Once relevance is established as to the discovery being sought, then the objecting party has "the burden of 'show[ing] why discovery should not be permitted.'" Alexander, 194 F.R.D. at 325-26 (quoting Corrigan v. Methodist Hosp., 158 F.R.D. 54, 56 (E.D. Pa. 1994)) (alteration in original).

Plaintiff has not demonstrated the relevancy of the telephone records and numbers to either her claims or any of the defendants' defenses in this matter. Rather, Plaintiff seeks discovery based on speculation and insinuation.

After careful consideration of the parties' letter briefs and the applicable case law, Plaintiff's request to compel is hereby DENIED.

**IT IS SO ORDERED.**

Cc: all counsel

Submitted by: Warren N. Nakamura, Courtroom Manager