IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100, <br><br> Defendants <br> _____ | CIVIL NO. CV 04-00608 DAE LEK (Other Non-motor vehicle tort) <br><br> MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO CONTINUE TRIAL**

**I.   PROCEDURAL HISTORY**

Trial in this case was scheduled for January 30, 2007 before the Honorable David A. Ezra.  In early December 2006, defense counsel was informed by Judge Ezra's courtroom manager that a criminal trial had been scheduled to begin a week before this case and would take more than two weeks to try.  Following this communication, defense counsel requested a status conference with the magistrate judge to discuss the January trial date.

The status conference was held on December 4, 2006.  Defense counsel, including County's mainland counsel Ric Gass, participated

by telephone. During the status conference, Plaintiffs' counsel requested a new trial date in August 2007 to accommodate his schedule. Defendants' outside counsel, Ric Gass, promptly informed the court that he had a conflict with an August trial date but would be available for trial in mid-September 2007. The court then asked Defendants if they would consent to a magistrate trial. When defense counsel responded that they would not, defense was informed that if it wanted a firm trial date, that it should consent to a magistrate trial. Because the defense did not consent to a magistrate trial, a trial date of August 21, 2007 was confirmed by the court in spite of the conflict with Ric Gass' schedule and the request for a date just a few weeks later.[1] Declaration of Moana M. Lutey.

For the reasons stated herein, this motion should be granted.

## II. ARGUMENT

### A. THE COURT IS PROHIBITED FROM LEVYING AN ADVERSE CONSEQUENCE ON A DEFENDANT WHO REFUSES TO CONSENT TO A MAGISTRATE TRIAL

In relevant part, FRCP Rule 73(b) states:

> A. . .magistrate judge. . .may again advise the parties of the availability of the magistrate judge, but, in so doing, **shall also advise the parties that they are free to withhold consent without adverse substantive consequences**. A. . .magistrate judge shall not be informed of a party's response to the clerk's notification, unless all parties have consented to the referral of the matter to a magistrate judge. (Emphasis

---

[1] The August trial date was the earliest date Mr. Gierlach was available for trial. Defense was never consulted on any other trial date.

supplied).

In the case at bar, the Court specifically inquired as to whether the defense would consent to a magistrate trial. When the defense replied that it would not, the Court confirmed a trial date that was in direct conflict with Mr. Gass' schedule. The Court then informed the defense that, if it wanted a firm trial date, it should consent to a magistrate trial. Clearly, the conflicted trial date was selected to punish the defense for not consenting to a magistrate trial. This action by the court is specifically prohibited by FRCP Rule 73(b).

### B. PLAINTIFFS WILL NOT BE PREJUDICED BY A CONTINUANCE OF THIS TRIAL TO SEPTEMBER 17, 2007

The defense is requesting that trial be continued for a month from its current scheduled date. Defense counsel would have been prepared to try this case earlier in the year, but Plaintiffs' counsel was not available. There is no prejudice to Plaintiffs by moving this trial by a month when Plaintiffs' counsel requested a trial date 7 months after the last scheduled date.

If this matter were to be reviewed on appeal, such a ruling would be reviewed for abuse of discretion. Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001); U.S. v. de Cruz, 82 F.3d 856, 860 (1996). An abuse of discretion is found where the "denial of the continuance was arbitrary or unreasonable." U.S. v. de Cruz, 82 F.3d 856, 860 (9th Cir. 1996), quoting U.S. v. Torres-Rodriguez, 930 F.2d 1375, 1383 (9th Cir. 1991); U.S. v. 2.61 Acres of Land, 791 F. 2d 666, 670 (9th Cir. 1985).

The Ninth Circuit uses a four-part test when reviewing a refusal to continue trial for abuse of discretion:

> First, we consider the extent of appellant's diligence in his efforts to ready his defense prior to the date set for hearing ... Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted ... Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses ... Finally, we consider the extent to which the appellant might have suffered harm.

U.S. v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985); see, also, U.S. v. 2.61 Acres of Land, 791 F. 2d 666, 671 (9th Cir. 1985); Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) (civil cases applying this same standard).

Under such an analysis, all four factors would weigh heavily in the defense's favor on appeal.  First, there is nothing to show the County has not been diligent.  Second, the need for the continuance (i.e. outside counsel's unavailability) will be met be a continuance.  Third, there is likely no inconvenience to the court or the plaintiffs by such a short continuance, and, lastly, the County will suffer great harm by not having its counsel available for trial.

### III. CONCLUSION

For the reasons stated herein, trial should be continued to the week of September 17, 2007.

DATED:  Wailuku, Maui, Hawaii, January 5, 2007.

BRIAN T. MOTO

```
                    Corporation Counsel
                    Attorney for Defendant
                      COUNTY OF MAUI


                    By_____
                      MOANA M. LUTEY
                      Deputy Corporation Counsel
```