DEPARTMENT OF THE CORPORATION COUNSEL   205

BRIAN T. MOTO        5421
Corporation Counsel
MOANA M. LUTEY       6385
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:   (808) 270-7740
Fax No.: (808) 270-7152
moana.lutey@co.maui.hi.us
S:\ALL\MML\CIV\Kaina\Memo in Support to Continue Trial

Attorneys for Defendants COUNTY OF MAUI,
 COUNTY OF MAUI POLICE DEPARTMENT, NELSON
 JOHNSON AND ALLEN DE LARA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>Defendants | CIVIL NO. CV 04-00608 DAE LEK<br>(Other Non-motor vehicle tort)<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL DATE; CERTIFICATE OF SERVICE |

**MEMORANDUM IN SUPPORT OF**

**DEFENDANTS' MOTION TO CONTINUE TRIAL DATE**

## I.   **PROCEDURAL HISTORY**

Trial in this case was scheduled for January 30, 2007 before the Honorable David A. Ezra.  In early December 2006, defense counsel was informed by Judge Ezra's courtroom manager that a criminal trial has been scheduled to begin a week before this case and would take more than two weeks to try.  Following this communication, defense counsel requested a status conference with the magistrate judge to discuss the January trial date.

The status conference was held on December 4, 2006.  Defense counsel, including County's mainland counsel Ric Gass, participated by telephone.  During the status conference, Plaintiffs' counsel requested a new trial date in August 2007 to accommodate his schedule. Defendants' outside counsel, Ric Gass, promptly informed the court that he had a conflict with an August trial date but would be available for trial in mid-September 2007.  The court then asked Defendants if they would consent to a magistrate trial.  When defense counsel responded that they would not, defense then informed that if it wanted a firm trial date, that it should consent to a magistrate trial.  Because the defense did not consent to a magistrate trial, a trial date of August 21, 2007, was confirmed by the court in spite of the conflict with Ric Gass' schedule and the request for a date just a few weeks later.[1] Declaration of Moana M. Lutey.

---

[1] The August trial date was the earliest date Mr. Gierlach was available for trial.  Defense was never consulted on any other trial date.

For the reason stated herein, this motion should be granted.

**II.  ARGUMENT**

    **A.  THE COURT IS PROHIBITED FROM LEVYING AN ADVERSE CONSEQUENCE ON A DEFENDANT WHO REFUSES TO CONSENT TO A MAGISTRATE TRIAL.**

In relevant part, FRCP Rule 73(b) states:

> A... magistrate judge ... may again advise the parties of the availability of the magistrate judge, but, in so doing, **shall also advise the parties that they are free to withhold consent without adverse substantive consequences.** A ... magistrate judge shall not be informed of a party's response to the clerk's notification, unless all parties have consented to the referral of the matter to a magistrate judge. (Emphasis supplied).

In the case at bar, the Court specifically inquired as to whether the defense would consent to a magistrate trial. When the defense replied that it would not, the Court confirmed a trial date that was in direct conflict with Mr. Gass' schedule. The Court then informed the defense that, if it wanted a firm trial date, it should consent to a magistrate trial. Clearly, the conflicted trial date was selected to punish the defense for not consenting to a magistrate trial. This action by the court is specifically prohibited by FRCP Rules 73(b).

    **B.  PLAINTIFFS WILL NOT BE PREJUDICED BY A CONTINUANCE OF THIS TRIAL TO SEPTEMBER 17, 2007.**

The defense is requesting that trial be continued for a month from its current schedule date. Defense counsel would have been prepared to try this case earlier in the year, but Plaintiffs' counsel was not available. There is no prejudice to Plaintiffs by moving this trial by a month when Plaintiffs' counsel requested a

trial date 7 months after the last scheduled date.

If this matter were to be reviewed on appeal, such a ruling would be reviewed for abuse of direction. Danjag LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001); U.S. v. de Cruz, 82. F.3d 856, 860 (1996). An abuse of discretion is found where the "denial of the continuance was arbitrary or unreasonable." U.S. v. de Cruz, 82 F.3d 856, 860 (9th Cir. 1996), *quoting* U.S. v. Torres-Rodriguez, 930 F.2d 1375, 1383 (9th Cir. 1991), U.S. v. 2.61 Acres of Land, 791 F.2d 666, 670 (9th Cir. 1985).

The Ninth Circuit uses a four-part test when reviewing a refusal to continue trial for abuse of discretion:

> First, we consider the extent of appellant's diligence in this efforts to ready his defense prior to the date set for hearing ... Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted ... Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses ... Finally, we consider the extent to which the appellant might have suffered harm.

U.S. v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985); see, also, U.S. v. 2.61 Acres of Land, 791 F.2d 666, 671 (9th Cir. 1985); Danjag LLC v. Sony Corp., 263 F.3d 942m 961 (9th Cir. 2001) (civil cases applying this dame standard).

Under such an analysis, all four factors would weigh heavily in the defense's favor on appeal. First, there is nothing to show the County has not been diligent. Second, the need for the continuance (i.e. outside counsel's unavailability) will be met be

a continuance.  Third, there is likely no inconvenience to the court or the plaintiffs by such a short continuance, and lastly, the County will suffer great harm by not having its counsel available for trial.

### III. CONCLUSION

For the reasons stated herein, trial should be continued to the week of September 17, 2007.

DATED: Wailuku, Maui, Hawaii, January 7, 2007.

```
                              BRIAN T. MOTO
                              Corporation Counsel
                              Attorney for Defendant
                                COUNTY OF MAUI


                              By   /s/ Moana M. Lutey
                                 MOANA M. LUTEY
                                 Deputy Corporation Counsel
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA,<br><br>  Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>  Defendants. | CIVIL NO.: CV04-00608 DAE LEK (Other Non-Motor Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served on January 7, 2007, upon the following party, by electronically served CM/EFC:

   David J. Gierlach, Esq.
   500 Ala Moana Boulevard
   Suite 330, 5 Waterfront Plaza
   Honolulu, Hawaii 96813
   (Attorney for Plaintiffs)

   DATED: Wailuku, Maui, Hawaii, January 7, 2007.

                                          /s/ Moana Lutey
                                          MOANA M. LUTEY
                                          Attorney for Defendant
                                            COUNTY OF MAUI