DEPARTMENT OF THE CORPORATION COUNSEL   205

BRIAN T. MOTO           5421
Corporation Counsel
MOANA M. LUTEY          6385
RICHARD B. ROST         7947
Deputies Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:   (808) 270-7740
Fax No.: (808) 270-7152
moana.lutey@co.maui.hi.us
S:\ALL\MML\CIV\Kaina\reply-motion to continue trial.wpd

Attorneys for Defendants COUNTY OF MAUI,
 COUNTY OF MAUI POLICE DEPARTMENT, NELSON
 JOHNSON AND ALLEN DE LARA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA, <br><br>            Plaintiffs, <br><br>     vs. <br><br> COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100, <br><br>            Defendants | CIVIL NO. CV 04-00608 DAE LEK (Other Non-motor vehicle tort) <br><br> REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL DATE; CERTIFICATE OF SERVICE <br><br> <u>Hearing</u> <br><br> Date: February 12, 2007 <br> Time: 10:30 a.m. <br> Judge: Hon. Leslie Kobayashi |

**<u>REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION TO CONTINUE TRIAL DATE</u>**

I.  **INTRODUCTION**

Defendants County of Maui, Nelson Johnson and Allen De Lara (collectively "County Defendants") have moved for an order continuing the trial in this matter from August 21, 2007 until the week of September 17, 2007. The Motion is based on the fact that Ric Gass, counsel retained to try this matter by County Defendants, is unavailable for trial on August 21, 2007 due to a scheduling conflict.

Plaintiffs have opposed this Motion, for reasons which will be discussed below. Plaintiffs have also stated that their counsel will be unavailable on the requested continuance date of September 17, 2007.[1] Assuming that to be the case, County Defendants are willing to accept a continuance to another date which is convenient for all parties and the Court. As will be discussed *infra*, however, the current trial date was selected in violation FRCP Rule 73(b), should be continued under U.S. v. Flynt, 756 F.2d 1352 (9th Cir. 1985), and infringes County Defendants' established right to be represented by counsel of their choosing.

II.  **ARGUMENT**

   A.  **Plaintiffs Do Not Contest the Fact that the Current Trial Date Was Selected in Contravention of Rule 73.**

Plaintiffs do not dispute that the current trial date was selected to punish County Defendants for refusing to agree to a

---

[1] The Opposition actually states that the conflict is with a "... personal injury trial that Plaintiffs' [sic] will start on the same date ..." See, Opposition, page 3. County Defendants assume this refers to Plaintiffs' counsel, as opposed to Plaintiffs themselves.

magistrate judge trial. As noted in the Motion to Continue, after asking whether the County Defendants would consent to a magistrate trial and receiving a negative response, the Court set a trial date on which Mr. Gass had already stated he would be unavailable. See, Declaration of Moana Lutey, attached to the Motion. There was no legitimate reason to ignore the unavailability of County Defendants' counsel, while at the same time scheduling the trial to conform with the availability of Plaintiffs' counsel. The only logical conclusion, therefore, is that the current trial date was selected to coerce County Defendants into accepting a magistrate trial.

This conduct was barred by FRCP Rule 73(b). Under Rule 73(b) parties "... are free to withhold consent [to a magistrate judge trial] without adverse substantive consequences." The Ninth Circuit has noted that attempts to coerce parties into agreeing to a magistrate judge trial cannot be allowed. "[K]nowing and voluntary consent of the parties is required before any civil action may be referred to a magistrate; **no coercion will be tolerated**." Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 914 (9th Cir. 2003), *quoting* H.R. REP. NO. 96-287, at 13 (1979) (emphasis added, internal quotation marks omitted).

As Plaintiffs do not attempt to refute that the trial date was selected to coerce the County Defendants into accepting a magistrate judge trial, they evidently concede that doing so violated FRCP Rule 73(b) and the rule against coercion expressed in Anderson. Accordingly, in order to remedy this violation, the

trial date should be continued to a convenient date when Mr. Gass is available.

### B. The *U.S. v. Flynt* Test Favors a Continuance.

Despite Plaintiffs' contentions to the contrary, County Defendants' request for a continuance meets all four prongs of the test applied in U.S. v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985) and Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001).

The Court in Flynt found that denial of a continuance warranted reversal because the defendant had been denied the opportunity to present expert witnesses who would have been available had the continuance been granted. Flynt, 756 F.2d at 1361. As will be discussed below, the justification for a continuance in the instant case is at least as strong as it was in Flynt.

#### 1. Diligence

Plaintiffs first attempt to argue that the County Defendants have not been diligent. Plaintiffs base this argument solely upon the fact that County Defendants wish to have Mr. Gass try this case on their behalf. The theory is apparently that if the Defendants were diligent, they will not require Mr. Gass to represent them. This argument is so lacking in merit that it borders on frivolous.[2] The mere fact that County Defendants have selected Mr. Gass to

---

[2] Plaintiffs' theory creates a ridiculous Catch-22 situation: If the Defendants have been diligent, they will not need Mr. Gass. If Defendants do need Mr. Gass, they cannot have him, because their need shows the have not been diligent. The absurdity of this argument is obvious.

4

represent them at trial has no bearing on their diligence whatsoever.

U.S. v. Brandenfels, 522 F.2d 1259, 1263 (9th Cir. 1975), cited in Flynt, 756 F.2d at 1359, illustrates the type of conduct actually found not to be diligent.  In Brandenfels, the Ninth Circuit affirmed the district court's denial of a continuance which was requested so that the defendant could call a witness who was detained in Brazil at the time.  Brandenfels, 522 F.2d at 1262-63. The denial of the continuance was affirmed because:

> In view of the detailed nature of the investigation, the extensive trial preparation required of the government, and the number of witnesses expected to be called, the motion for continuance was made fairly late in the proceedings. Meanwhile the defense, having known of Grove's whereabouts and the potential difficulty in securing his presence at trial, had made no motion to take his deposition although this was a possible course of action under Rule 15 of the Federal Rules of Criminal Procedure.

Id. at 1263.  Unlike the Brandenfels defendant, the County Defendants are not moving for a continuance late in the proceedings.  The County Defendants filed their motion to continue trial more than seven months prior to the current trial date.  The County Defendants did not fail to take advantage of a procedure which would have obviated the need for a continuance.  Indeed, Mr. Gass immediately stated he was unavailable on August 21, 2007 at the status conference where the Court selected that date.  See, Declaration of Moana Lutey, attached to the Motion.  This is not a situation where the County Defendants could have done something to

avoid the need for a continuance. There is nothing to indicate County Defendants have not been diligent.

The specious nature of Plaintiffs' reasoning is exposed when considering what would likely occur if Mr. Gierlach were unavailable on the date selected for trial. Would the court find the Plaintiffs had not been diligent, merely because they were unwilling to proceed with Mr. Gierlach's less experienced associate as their sole trial counsel? Obviously, no court would make such a finding, nor would the County Defendants advance such an argument. Indeed, Plaintiffs' admit Mr. Gierlach's unavailability until August 2007 was considered by the Court in selecting the current trial date. See, Opposition, page 3. Apparently, Plaintiffs' believe such considerations should only apply to their counsel's availability.

It is untenable to argue that Defendants have failed to be diligent merely because they wish to have Mr. Gass represent them. County Defendants have been diligent in preparing for trial; they merely wish to proceed to trial with their counsel.

### 2. **Need for the Continuance**

Plaintiffs misapprehend this prong of the test. The question this prong asks is not whether a continuance is necessary, but rather "... how likely it is that the need for a continuance could have been met if the continuance had been granted." Flynt, 756 F.2d at 1359.[3] Essentially, this prong merely represent the

---

[3]The fourth prong considers whether failing to grant the continuance prejudiced the moving party. That prong is discussed

proposition that only continuances which will serve a purpose should be granted.

Here, the need for a continuance will clearly be met. Mr. Gass is not available on the current trial date. If this matter is continued to a date he will be available, this prong of the test is satisfied.

### 3. Convenience

Plaintiffs' arguments regarding the alleged inconvenience of a continuance are unavailing. Plaintiffs' remarks regarding when Judge Ezra "may" be busier amount to no more than speculation. While the County Defendants are certain Judge Ezra is busy, there is no reason to believe that a short continuance (when this matter has already been continued for seven months) would impose inconvenience on the Court. As noted *supra*, the County Defendants are of course willing to accept a trial date which is convenient for the Court, so long as their attorneys are available on such a date.

Plaintiffs' arguments regarding the convenience of their witnesses are also speculative. Plaintiffs claim the August trial date "may" be more convenient for some of their witnesses, but offer nothing to show that is actually the case. Plaintiffs do not even bother naming the witnesses they claim might be inconvenienced by moving the trial.

---

in section II.B.4, *infra*.

Plaintiffs also argue the memories of various witnesses may "degrade" with passage of time. It is exceedingly improbable that a few weeks would make any difference for a witness's recollection of an event that occurred several years ago. In light of the months of delay that will be incurred due the unavailability of **Plaintiffs'** counsel, which Plaintiffs are willing to endure, this is not a compelling reason to deny County Defendants a short continuance.[4]

All of Plaintiffs' arguments against the convenience of a continuance are obviously undermined by the fact that **Plaintiffs state they will agree to a continuance, but only if County Defendants agree to a magistrate judge trial**. See, Opposition, page 5. The inconveniences of which Plaintiffs complain, if they exist at all, must consequently be trivial. Otherwise, Plaintiffs would not be willing to tolerate them merely to obtain a magistrate judge trial.[5]

### 4. Prejudice to Defendants

Plaintiffs claim there is no need for a continuance because, even without Mr. Gass, "... counsel for Defendants are competent to

---

[4] Also, at the time of the status conference, County Defendants' attorneys were available for several trial dates prior to August 2007. The bulk of any delay, therefore, is the result of Plaintiffs' counsel's unavailability.

[5] This also demonstrates Plaintiffs' desire that Defendants be effectively coerced into accepting a magistrate judge trial. As Plaintiffs would have it, the County Defendants could only be represented by Mr. Gass if they agree to a magistrate judge trial. This is plainly the type of coercive situation condemned by FRCP Rule 73(b) and Anderson, supra.

try this case."  See, Opposition, page 4.  While the Department of the Corporation Counsel appreciates this vote of confidence from Plaintiffs, it is not for Plaintiffs to decide who could or should try this case on Defendants' behalf.  The County Defendants selected Mr. Gass to try this case due to his high levels of skill and experience.[6]  A continuance is required in order to protect the County Defendants' important right to counsel of their choice.  To deprive the County Defendants of Mr. Gass's representation would be entirely unjust and would prejudice County Defendants.

Civil litigants have the constitutional right under the due process clause to be represented by counsel, which generally includes the right to be represented by the counsel of their choice.  McCuin v. Texas Power & Light Co., 714 F.2d 1255, 1262 (5th Cir. 1983).  The right to counsel of choice in federal court is also provided by 28 U.S.C. § 1654.  Bottaro v. Hatton Associates, 680 F.2d 895, 897 (2d. Cir. 1982).  This right "... can only be overridden where compelling reasons exist."  Id; In re BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003).

See, also, Harrison v. Keystone Coca-Cola Bottling Co., 428 F.Supp. 149, 152 (M.D.Pa. 1977) ("Implicit in the right to represent oneself is the right to be represented by counsel of one's own choosing."); Woods v. Convigton County Bank, 537 F.2d 804, 810 (5th Cir. 1976) (noting that civil litigants have the "...

---

[6]County Defendants note that, unlike Mr. Gass, none of the Deputies Corporation Counsel working on this matter have ever tried a wrongful death case.

right to freely chosen counsel."); Blumenfeld v. Borenstein, 276 S.E.2d 607, 609 (Ga. 1981) ("[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution."); Millen v. Eighth Judical Dist. ex rel. County of Clark, 148 P.3d 694, 696-97 (Nev. 2006) (finding, where there is a conflict, a client's right to counsel of choice generally prevails over a judge's duty to sit on a particular case).

The great importance of allowing parties to be represented by an attorney of their choosing is well recognized. In Macheca Transport Co. v. Philadelphia Indemn. Co., 463 F.3d 827 (8th Cir. 2006), the Court noted that:

> **A party's right to select its own counsel is an important public right and a vital freedom that should be preserved**; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary.

Id. at 833, *quoting* Banque Arabe Internationale D'Investissement v. Ameritrust Corp., 690 F.Supp. 607, 613 (S.D.Ohio 1988) (emphasis added, internal quotation marks omitted).

While disqualification is not the issue here, the result of denying a continuance would be essentially the same as disqualifying Mr. Gass: the County Defendants will be deprived of their attorney of choice. This deprivation of a constitutionally protected right would be completely unnecessary and not justified by any compelling reason.

The adversary system, moreover, is based upon each party being represented by an attorney of their choosing. "A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings." Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 441, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (Brennan, J., concurring). There is absolutely no reason to cast aside this "fundamental premise" in this case.

Plaintiffs' vague preference regarding the trial date is not a compelling reason to deny the County Defendants their right to counsel of choice. To deny County Defendants this constitutional right would also be deeply prejudicial.

### III.  CONCLUSION

The inequity of arbitrarily selecting a trial date on which one party's trial counsel is unavailable is apparent. There was no reason for selecting a trial date, months in advance, when Mr. Gass would be unavailable.

The long length of the previous continuance, moreover, was necessitated by the unavailability of Plaintiffs' counsel until August 2007. As the trial was continued for months to accommodate Plaintiffs' counsel's schedule, a continuance of a few weeks so that defense counsel may also be available is only just. This is not a situation of a last minute request for a continuance. The trial is more than six months distant. Surely a date which is convenient for all parties and the Court can be selected.

Plaintiffs' position is evidently that their counsel's schedule should dictate when the trial is held, without regard for the availability of defense counsel. Plaintiffs have failed to articulate any remotely compelling reason to deprive the County Defendants of their right to select their counsel and be represented by Mr. Gass.

The Motion should be granted, and the trial continued to a date which is convenient for all parties and the Court.

DATED: Wailuku, Maui, Hawaii, January 31, 2007.

BRIAN T. MOTO
Corporation Counsel
Attorney for Defendants
COUNTY OF MAUI NELSON JOHNSON
and ALLEN DE LARA

By   /s/ Moana M. Lutey
    MOANA M. LUTEY
    Deputy Corporation Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA,<br><br>        Plaintiffs,<br><br>   vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>        Defendants. | CIVIL NO.: CV04-00608 DAE LEK (Other Non-Motor Vehicle Tort)<br><br>CERTIFICATE OF SERVICE |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served on January 31, 2007, upon the following party, by electronically served CM/EFC:

    David J. Gierlach, Esq.
    500 Ala Moana Boulevard
    Suite 330, 5 Waterfront Plaza
    Honolulu, Hawaii 96813
    (Attorney for Plaintiffs)

    DATED: Wailuku, Maui, Hawaii, January 31, 2007.

                                        /s/ Moana Lutey
                                        MOANA M. LUTEY
                                        Attorney for Defendants
                                        COUNTY OF MAUI, NELSON JOHNSON
                                        and ALLEN DE LARA