IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MEGAN KAINA, ETC., ET AL., | ) | CIVIL NO. 04-00608 DAE-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANTS' MOTION TO CONTINUE TRIAL DATE**

Before the Court is Defendants County of Maui, County of Maui Police Department, Nelson Johnson, and Allen De Lara's (collectively "Defendants") Motion to Continue Trial Date ("Motion"), filed January 5, 2007.  Plaintiffs Megan Kaina, Kamaile Kaina, and Kawika Kaina, through their Next Friend, Malia Kaina, Isaac Kaina, Avon Kealoha, Mitsuo Tomita, Andy Tomita, Jesse Tomita, Amos Tomita, and Avon Kealoha, individually and as Personal Representative of the Estate of Lisa Tomita Kaina, (collectively, "Plaintiffs") filed their memorandum in opposition to the Motion on January 23, 2007. Defendants filed their reply on January 31, 2007.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant case law, Defendants'

Motion is HEREBY DENIED for the reasons set forth below.

## **BACKGROUND**

The instant case arises from the death of Lisa Kaina, which occurred in the course of a police chase following her alleged theft of a rental car. Plaintiffs filed the instant action in state court and Defendants removed the action to federal court on October 8, 2004.

The August 1, 2006 Amended Rule 16 Scheduling Order set trial in this matter for January 30, 2007. In early December 2006, the courtroom manager for the district court informed Defendants' counsel that there were two criminal trials set for the week of January 23, 2007 and that one of those would take more than two weeks to try. Counsel therefore requested a status conference with this Court.

At the December 4, 2006 status conference, the parties and the Court discussed the district court's trial schedule and agreed that this Court should set a new trial date. Plaintiffs' counsel, David Gierlach, Esq., informed the Court that he would not be available until August 2007. Mainland counsel for Defendants, Ric Gass, Esq.,[1] informed the Court that he was not

---

[1] The Court finds significant the fact that Mr. Gass only recently entered an appearance in this matter on February 2, 2006, and that he has not participated in the extensive discovery and motions practice in this action. Until the status conference regarding the trial date, attorneys from the Office of the Corporation Counsel for the County of Mau`i solely appeared and
(continued...)

available in August 2007, but was available in September 2007. The Court asked Defendants if they would consent to trial before a magistrate judge, but they declined. The Court then set the new trial date for August 21, 2007. The Court stated that the only way for the parties to be assured of a firm trial date was to consent to trial before a magistrate judge. Defendants argue that the Court selected a trial date that conflicted with Mr. Gass' schedule as a punishment for refusing to consent to trial by a magistrate judge. Defendants argue that this violates Federal Rule of Civil Procedure 73(b).[2]

Defendants filed the instant Motion, seeking a continuance of the trial date. Defendants note that they were prepared to go to trial earlier in 2007, but Plaintiffs' counsel was not available. They argue that continuing the trial an additional month will not prejudice Plaintiffs, who requested a seven month continuance from the January 2007 trial date. Defendants argue that a continuance is warranted because: they have been diligent in preparing their defense; counsel's unavailability will be remedied by the continuance; neither

---

[1](...continued)
handled all aspects of this litigation.

[2] Rule 73(b) states, in pertinent part: "A district judge, magistrate judge, or other court official may again advise the parties of the availability of the magistrate judge, but, in so doing, shall also advise the parties that they are free to withhold consent without adverse substantive consequences." Fed. R. Civ. P. 73(b).

Plaintiffs nor the courts will be inconvenienced by a short continuance; and Defendants would be greatly prejudiced if they are forced to go to trial without Mr. Gass.

Defendants tried to get Plaintiffs to agree to a September 17, 2007 trial date, to no avail.

In their memorandum in opposition to the Motion, Plaintiffs contend that Defendants misrepresent the circumstances that led up to the setting of the August 21, 2007 trial date. Plaintiffs never requested a seven month continuance; August 2007 was the next date counsel was available. Further, Plaintiffs' counsel is scheduled to start another trial on September 17, 2007.

Plaintiffs also argue that August is a better date because: the district court's schedule may be lighter because many attorneys take vacation during that time; August would be more convenient for Plaintiffs' out-of-state witnesses; and the trial date may be continued yet again, so the earlier the trial date, the sooner any continued trial would be. Plaintiffs argue that Defendants would not be prejudiced if Mr. Gass cannot try the case because he did not participate in discovery or the pretrial litigation. Plaintiffs argue that, if Defendants have been diligent in preparing for trial, they will not need Mr. Gass. A continuance is not necessary because local defense counsel is capable of trying the case. Plaintiffs assert that

they will be prejudiced if the trial is continued for the reasons above and also because, the more time goes by, the more difficulty they will have in securing testimony for trial.

Finally, Plaintiffs ask Defendants to consent to trial before a magistrate judge. If Defendants consent, Plaintiffs will agree to short continuance.

In their reply, Defendants note that Plaintiffs do not contest that this Court selected the current trial date to coerce Defendants into consenting to a trial before a magistrate judge, in violation of Rule 73. They also argue that to force them to go to trial on a date when Mr. Gass is unavailable deprives them of their constitutional right to be represented by counsel of their choice. Defendants state that, because Plaintiff's counsel is apparently unavailable on September 17, 2007, they will accept another date that is convenient for all parties and the courts.

## DISCUSSION

### I.  Consent to Trial before a Magistrate Judge

At the December 4, 2006 status conference, this Court stated that, if the parties wanted a firm trial date, the only way to obtain such a date was to consent to a trial before a magistrate judge. Defendants argue that this statement proves that the Court imposed the August 21, 2007 trial date either to punish them for refusing to consent to trial before a magistrate judge or to coerce them into consenting. Defendants' argument is

misplaced to the point of absurdity.

The current trial setting is not a consequence of Defendants' refusal to consent to a magistrate judge trial. The Court merely informed the parties that, even if the Court set the trial date for August 21, 2007, there is a likelihood that the trial could be continued because of the district court's other obligations, including criminal trials and trials in older civil cases, and that this risk would be eliminated if the parties consented to a trial before a magistrate judge. The current trial setting was imposed only after the parties were unable to agree upon a common date, and after balancing the prejudice to the parties, the court docket's constraints, and the public interest in timely determinations in civil lawsuits.

## II.   **Trial Continuance**

A court has broad discretion in ruling upon motions to continue. See Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001) ("A district court's decision regarding a continuance is given great deference . . . ."). On appeal, the Ninth Circuit considers the following factors in reviewing a denial of a motion to continue: 1) the moving party's diligence in preparing for the original deadline; 2) the likelihood that the need for the continuance would have been met if the court had granted the motion; 3) the inconvenience the continuance would have caused the court and the opposing party, including its witnesses; and 4)

the prejudice the moving party suffered because the continuance was denied. See United States v. Flynt, 756 F.2d 1352, 1358-59 (9th Cir.), amended by, 764 F.2d 675 (9th Cir. 1985).

   The first factor is neutral. There were numerous discovery disputes in this matter and Defendants were less than forthcoming in producing discovery in this action. The Court cannot conclude, therefore, that Defendants were diligent in preparing for the original January 30, 2007 trial date. As for the second factor, Defendants' need for a continuance, *i.e.* Mr. Gass' unavailability, the Court is at a loss to understand why his unavailability is paramount in determining a continuance in the trial date. As Mr. Gass has not participated in either the discovery or the significant motions practice in this case, it is puzzling how his participation can be essential as opposed to other private counsel who could be retained as trial counsel and could prepare for trial in the next six months. In this case, there is nothing to suggest that Mr. Gass brings any particular knowledge, experience or skill that could not be equally met by other trial attorneys in Honolulu or elsewhere. On the other hand, Plaintiffs' counsel has participated in the discovery and motions practice. Mr. Gierlach's availability therefore is an important factor in determining the trial date. Defendants have stated that he is unavailable on Defendants' suggested trial date because he is scheduled to start another

trial that day.

The third factor weighs in favor of denying the Motion. The instant case has been pending in federal court since October 8, 2004. Further delay in this action is against the public interest:

> As the first of the Federal Rules of Civil Procedure reflects, the public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process. We defer to the district court's judgment about when delay becomes unreasonable "because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447, 1451 (9th Cir.1994).

In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir. 2006). Plaintiffs have the right to the timely resolution of their claims and, as more and more time goes by, it will become increasingly difficult for them to secure witnesses to prove their case. If the Court grants Defendants' request for a continuance, Plaintiffs will be greatly prejudiced. The Court moreover has discretion to control the court docket. See Murray v. Laborers Union Local No. 324, 55 F.3d 1445, 1452 (9th Cir. 1995) ("District court judges must have ample discretion to control their dockets.").

Finally, the Court notes that, if trial goes forward on August 21, 2007, Defendants may be forced to proceed without Mr. Gass. Defendants' prejudice in being deprived of their counsel of choice is slight. There is no indication that: Mr. Gass participated in the discovery and motions practice in this matter; he has any expertise or specialized knowledge to contribute to this action that would distinguish him from an experienced trial attorney found in Hawai`i or elsewhere; or Defendants have made reasonable attempts to retain other trial counsel who is available for trial on August 21, 2007. Nor have Defendants established why Mr. Gass is not available for trial on August 21, 2007 and why, if he has agreed to represent Defendants, he cannot rearrange his schedule. Even in the context of a criminal case, the defendant's right to counsel of his choice is not unlimited. See United States v. Vargas-Martinez, 569 F.2d 1102, 1104 (9th Cir. 1978).

In short, Defendants are ably represented by local counsel, who have done the lion's share of the work on the case thus far, and there is no indication that Mr. Gass possesses specialized knowledge or skill that is required to try the case. Under the circumstances, Defendants' insistence upon Mr. Gass' participation at trial appears to be an attempt to delay the proceedings. A continuance of the trial from August 21, 2007 is therefore unwarranted, and Defendants are capable of proceeding

9

to trial on that date with little or no prejudice.  Cf. United States v. Shuey, 541 F.2d 845, 847 (9th Cir. 1976) ("the right to choose one's own attorney is not unlimited and . . . if the attempted exercise of a choice is deemed dilatory or otherwise subversive of orderly criminal process, the trial court may compel a defendant to proceed with designated counsel").

## **CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Continue Trial Date, filed January 5, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 12, 2007.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MEGAN KAINA, ETC., ET AL. V. COUNTY OF MAUI, ET AL; CIVIL NO. 04-00608 DAE-LEK; ORDER DENYING DEFENDANTS' MOTION TO CONTINUE TRIAL DATE**