DEPARTMENT OF THE CORPORATION COUNSEL    205

BRIAN T. MOTO        5421
Corporation Counsel
MOANA M. LUTEY       6385
RICHARD B. ROST      7947
Deputies Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:  (808) 270-7740
Fax No.: (808) 270-7152
moana.lutey@co.maui.hi.us
S:\ALL\MML\CIV\Kaina\appeal of magistrate order-MEMO.wpd

Attorneys for Defendants COUNTY OF MAUI,
 COUNTY OF MAUI POLICE DEPARTMENT, NELSON
 JOHNSON AND ALLEN DE LARA

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUO TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA AND AVON KEALOHA as Personal Representative of the Estate of LISA TOMITA KAINA, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100, <br><br> Defendants | CIVIL NO. CV 04-00608 DAE LEK (Other Non-motor vehicle tort) <br><br> STATEMENT IN SUPPORT OF COUNTY DEFENDANTS' APPEAL OF MAGISTRATE'S ORDER DENYING MOTION TO CONTINUE TRIAL |

### STATEMENT IN SUPPORT OF COUNTY DEFENDANTS' APPEAL OF MAGISTRATE'S ORDER DENYING MOTION TO CONTINUE TRIAL

<u>TABLE OF CONTENTS</u>

<u>PAGE</u>

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . 2

II.   STANDARD OF REVIEW . . . . . . . . . . . . . . . . 3

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . 4

      A.    THE CURRENT TRIAL DATE WAS SELECTED TO
            PUNISH COUNTY DEFENDANT FOR REFUSING TO AGREE TO
            A MAGISTRATE JUDGE TRIAL . . . . . . . . . . . . 4

      B.    THE *U.S. V. FLYNT* TEST FAVORS A CONTINUANCE.
            IT WAS CLEAR ERROR TO FIND OTHERWISE . . . . . . . 7

            1.    DILIGENCE . . . . . . . . . . . . . . . . 8

            2.    NECESSITY . . . . . . . . . . . . . . . . 9

            3.    CONVENIENCE OF THE COURT & OPPOSING PARTY . . . 9

            4.    PREJUDICE TO THE COUNTY DEFENDANTS . . . . . . 11

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

**CASES**

Page

Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 914
  (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . 7

Blumenfeld v. Borenstein, 276 S.E.2d 607, 609 (Ga. 1981) . . 15

Bottaro v. Hatton Associates, 680 F.2d 895, 897
  (2d. Cir. 1982) . . . . . . . . . . . . . . . . . . . 14

Callahan v. United States, 285 U.S. 515, 517, 52 S.Ct.
  454, 76 L.Ed. 914 (1932) . . . . . . . . . . . . . . . 4

Danjaq LLC v. Sony Corp., 263 F.3d 942, 961
  (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . 8

F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1313
  (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . 14

Gough v. Perkowski, 694 F.2d 1140, 1145 n.4
  (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . 14

Guilford v. Las Vegas Metropolitan Police Dept.,
  199 Fed.Appx. 646, 2006 WL 2468055 (9th Cir. 2006) . . . . . 8

In re Application of Metropolitan Transp. Authority,
  222 A.D.2d 340, 341, 635 N.Y.S.2d 604 (N.Y.A.D. 1995) . . . 16

In re BellSouth Corp., 334 F.3d 941, 961
  (11th Cir. 2003) . . . . . . . . . . . . . . . . . 13, 16

Knox v. Anderson, 21 F.R.D. 97, 98 (D.Haw. 1957) . . . . 13, 16

Lewis v. Wal-Mart Stores, Inc., 2006 WL 1892583
  (N.D.Okla.) . . . . . . . . . . . . . . . . . . . . 16

Macheca Transport Co. v. Philadelphia Indemn. Co.,
  463 F.3d 827 (8th Cir. 2006) . . . . . . . . . . . . . 15

McCuin v. Texas Power & Light Co., 714 F.2d 1255,
  1262 (5th Cir. 1983). . . . . . . . . . . . . . . . . . 7, 14

Mosley v. St. Louis Southeastern Ry., 634 F.2d 942,
  946 (5th Cir. 1981), *citing* . . . . . . . . . . . . . . . 13

Myers v. Siegel, 920 So.2d 1241, 1245 (Fla.App. 2006) . . . . 15

Olasis-Castro v. United States, 416 F.2d 1155, 1158 n.8
  (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . 4

Potashnick v. PortCity Construction Co., 609 F.2d 1101,
  1118 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . 14

Quinn v. Robinson, 783 F.2d 776, 791 n.9 (9th Cir. 1986) . . . 4

Roberts v. Anderson, 66 F.2d 874, 876 (10th Cir. 1933) . . . 7

Roell v. Withrow, 538 U.S. 580, 587 n.4,
  123 S.Ct. 1696, 155 L.Ed.2d 775 (2003) . . . . . . . . . . 6

Texas Catastrophe Ins. Ass'n. v. Morales, 975 F.2d 1178,
  1181 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . 14

United States v. United State Gypsum Co., 333 U.S. 364,
  365, 68 S.Ct. 525, 92 L.Ed. 746 (1948) . . . . . . . . . . 4

U.S. v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985) . . . . 8, 9

U.S. v. Mejia, 69 F.3d 309, 315 (9th Cir. 1995) . . . . . . . 8

U.S. v. Rivera-Guerrero, 426 F.3d 1120, 1139 (9th Cir. 2005) . 8

**FEDERAL RULES**

    Fed. R. Civ. P. 72, . . . . . . . . . . . . . . . . 3, 6

    Fed. R. Civ. P. 73(b) . . . . . . . . . . . . . . 5, 6, 7

    LR 74.1 . . . . . . . . . . . . . . . . . . . . . . . 3

**<u>OTHER</u>**

H.P. REP. NO. 96-287, AT 13 (1979) . . . . . . . . . . . 7

Wright, Miller & Marcus, <u>Federal Practice and Procedure</u>:
Civil 2d § 3069 (Supp. 2006). . . . . . . . . . . . . . 3

## I.  **INTRODUCTION**

This is an appeal of an order entitled "Order Denying Defendants' Motion to Continue Trial" ("Order") entered on February 12, 2007 by Magistrate Judge Leslie Kobayashi ("the Magistrate Judge").  For the reasons described below, the Order is clearly erroneous and contrary to law, and should therefore be set aside. The Magistrate's Order effectively deprives County Defendants of a constitutional right without any compelling reason.  Not continuing the trial will also prejudice the County of Maui financially.

The trial in this lawsuit was previously scheduled for January 30, 2007 before this Honorable Court.  In December 2006, counsel for Defendants County of Maui, Nelson Johnson and Allen De Lara (collectively "County Defendants") was informed by the Court's courtroom manager that a criminal trial was likely to conflict with trial for this matter.  In response to that information, County Defendants' counsel requested a status conference with Plaintiffs' counsel and the Magistrate Judge to discuss the trial date.

The status conference was held on December 4, 2006.  Defense counsel, including County Defendants' outside trial counsel Ric Gass, participated by telephone.  During the status conference, Plaintiffs' counsel requested a new trial date in August 2007 to accommodate his schedule.  Mr. Gass promptly informed the Magistrate Judge that he had a conflict with a previously scheduled August trial but would be available for trial in mid-September 2007.  The Magistrate Judge then asked Defendants if they would

2

consent to a magistrate trial.  When defense counsel responded that they would not, the Magistrate Judge then informed that if County Defendants wanted a firm trial date, that it should consent to a magistrate trial.  <u>See</u>, Declaration of Ric Gass[1]; Declaration of Moana M. Lutey.

Because the defense did not consent to a magistrate trial, a trial date of August 21, 2007 was confirmed by the Magistrate Judge in spite of the conflict with Mr. Gass's schedule and the request for a date just a few weeks later.  <u>See</u>, Declaration of Moana M. Lutey; Declaration of Ric Gass.  Defense counsel was never consulted on any other trial date, nor did the Magistrate Judge inquire about whether Plaintiffs would agree to a date other than August 21, 2007.

## II.  <u>STANDARD OF REVIEW</u>

On appeal of a magistrate judge's non-dispositive order to a district court judge, the district court judge "... shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  LR 74.1; Fed. R. Civ. P. 72.  The district court judge may also reconsider *sua sponte* any non-dispositive matter decided by the magistrate judge.  LR 74.1.

---

[1]While Mr. Gass's declaration was not submitted to the Magistrate Judge, it is helpful to illustrate several of the Order's errors.  It is generally viewed as proper for a district judge to consider evidence not presented to the magistrate judge.  <u>See</u>, Wright, Miller & Marcus, <u>Federal Practice and Procedure</u>: Civil 2d § 3069 (Supp. 2006) ("... a district judge should have at least the authority to consider further evidence in reviewing rulings on non-dispositive matters.")

3

A decision is clearly erroneous when the reviewing court has a "definite and firm conviction that a mistake has been committed." Quinn v. Robinson, 783 F.2d 776, 791 n.9 (9th Cir. 1986), quoting United States v. United State Gypsum Co., 333 U.S. 364, 365, 68 S.Ct. 525, 92 L.Ed. 746 (1948).    "The term 'contrary to law' means contrary to any existing law."    Olasis-Castro v. United States, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969), citing Callahan v. United States, 285 U.S. 515, 517, 52 S.Ct. 454, 76 L.Ed. 914 (1932).

## III.  ARGUMENT

### A.  The Current Trial Date Was Selected To Punish County Defendants For Refusing to Agree to a Magistrate Judge Trial

The Magistrate Judge's Order is clearly erroneous and contrary to law in several respects.  The first clear error is the assertion that "[t]he current trial setting was imposed only after the parties were unable to agree to a common date ..."  See, Order, page 6.  That is absolutely not what occurred.  The Magistrate Judge never made the any attempt to determine if the parties could agree to a common date.  See, Declaration of Ric Gass.

The sequence of events at the status conference, after it was decided the trial would have to be moved from January 30, 2007, was as follows:

> 1) Mr. Gierlach stated he was unavailable until August 2007.

> 2) Mr. Gass stated he was not available in August 2007, but was available in September 2007.

4

3) The Magistrate Judge set the trial on August 21, 2007.

4) The Magistrate Judge stated that if the County Defendants wished to have a firm trial date, they should consent to a magistrate trial.

See, Declaration of Moana Lutey; Declaration of Ric Gass.

This account of the status conference, stated in the Motion to Continue, was not disputed by Plaintiffs. The step obviously missing from this sequence, and the step necessary for the Magistrate Judge's assertion to be accurate, was any attempt to determine if Mr. Gierlach was available in September 2007 or some other mutually convenient date. There was no attempt to determine if the parties could agree to a common date. Instead, the trial was simply set on a date Mr. Gass was unavailable. The only logical conclusion that can be drawn from these events is a desire on the part of the Magistrate Judge to coerce County Defendants into a magistrate trial.

The Magistrate Judge's Order also ignores a requirement of Fed. R. Civ. P. 73(b), which it is clear the Magistrate Judge did not comply with. Fed. R. Civ. P. 73(b) provides, in relevant part, as follows:

> A... magistrate judge ... may again advise the parties of the availability of the magistrate judge, but, in so doing, **shall also advise the parties that they are free to withhold consent without adverse substantive consequences.** A ... magistrate judge shall not be informed of a party's response to the clerk's notification, unless all parties have consented to the referral of the matter to a magistrate judge. (Emphasis supplied).

5

It is undisputed that the Magistrate Judge did not so advise the parties, in violation of Fed. R. Civ. P. 73(b).  Moreover, it is clear under Rule 73 that the Magistrate Judge should not even have known the parties' positions on accepting a magistrate trial, unless the parties consented to referring the matter.  The Supreme Court has noted that litigants may "... undoubtedly insist that they be able to communicate their decision on referral to the clerk, in order to guard against reprisals at the hands of either judge." Roell v. Withrow, 538 U.S. 580, 587 n.4, 123 S.Ct. 1696, 155 L.Ed.2d 775 (2003).  By questioning County Defendants regarding their disposition toward a magistrate trial, the Magistrate Judge effectively denied County Defendants the ability to communicate their decision to the clerk only.[2]  Considering the coercive circumstances the County Defendants have been placed in, the violation Fed. R. Civ. P. 73 gives rise to a reasonable inference that the coercion was intentional.

Under the Magistrate's Order, the County Defendants are essentially forced to choose one of two constitutional rights, both of which they are entitled to.  On one hand, they may enforce their right to trial before an Article III district court judge.  See, Roell v. Withrow, 538 U.S. 580, 588-89, 123 S.Ct. 1696, 155 L.E.2d 775 (2003).  But by enforcing that right, they will be forced to forfeit their fundamental due process right to counsel of their

_____

[2]While the County Defendants may have theoretically refused to respond to the Magistrate Judge's inquires regarding accepting a magistrate trial, such a refusal would have made the County Defendants' position obvious.

6

choice.  See, McCuin v. Texas Power & Light Co., 714 F.2d 1255, 1262 (5th Cir. 1983); Roberts v. Anderson, 66 F.2d 874, 876 (10th Cir. 1933).[3]

This is precisely the type of coercive situation condemned by FRCP 73(b).  See, also, Anderson v. Woodcreek Venture Ltd., 351 F.3d 911, 914 (9th Cir. 2003), quoting H.R. REP. NO. 96-287, at 13 (1979) ("[K]nowing and voluntary consent of the parties is required before any civil action may be referred to a magistrate; no coercion will be tolerated.").  The only way the County Defendants can protect their right to counsel of choice is to sacrifice their right to trial before a district court judge, and vice versa.

**B.    The _U.S. v. Flynt_ Test Favors a Continuance.  It Was Clear Error to Find Otherwise.**

Completely irrespective of whether the Magistrate Judge violated Fed. R. Civ. P. 73(b), the Order should still be reversed. The Magistrate Judge's Order misapplies the law relevant to continuances.  The Ninth Circuit uses a four-part test when reviewing a refusal to continue trial for abuse of discretion:

> First, we consider the extent of appellant's diligence in this efforts to ready his defense prior to the date set for hearing ... Second, we consider how likely it is that the need for a continuance could have been met if the continuance had been granted ... Third, we consider the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses ... Finally, we consider the extent to which the appellant might have suffered harm.

---

[3] The right to counsel of choice is discussed in section III.B.4, _infra_.

7

U.S. v. Flynt, 756 F.2d 1352, 1359 (9th Cir. 1985); Danjaq LLC v. Sony Corp., 263 F.3d 942, 961 (9th Cir. 2001). The first three factors are not considered dispositive, but the fourth, prejudice, must be established to warrant reversal. Flynt, 756 F.2d at 1359. As will be discussed infra, the Magistrate Judge's analysis of all four prongs of the test was clearly erroneous and contrary to law.

### 1. **Diligence**

The Magistrate Judge concluded the first factor, diligence, was "neutral." This conclusion is apparently based upon the "numerous discovery disputes" in this action, and the Magistrate Judge's belief the County Defendants have been "less than forthcoming in producing discovery".[4] See, Order, page 7. These conclusions, even if they were accurate, have no bearing on diligence. The requested continuance, moreover, was completely unrelated to discovery.

The diligence prong of the test considers whether the continuance was necessitated by a party's lack of diligence. See, e.g., U.S. v. Mejia, 69 F.3d 309, 315 (9th Cir. 1995); U.S. v. Rivera-Guerrero, 426 F.3d 1120, 1139 (9th Cir. 2005); Guilford v. Las Vegas Metropolitan Police Dept., 199 Fed.Appx. 646, 2006 WL 2468055 (9th Cir. 2006).

---

[4]County Defendants note that the Magistrate Judge denied the only motion to compel discovery filed by Plaintiffs, finding that the Plaintiffs were seeking discovery based upon "speculation and insinuation." See, Minute Order, dated June 27, 2006. Plaintiffs then filed a motion for reconsideration of that ruling, which was also denied.

Clearly, the requested continuance here is not necessitated by a lack of diligence. The continuance is necessitated by Mr. Gass's unavailability due to a previously scheduled trial. This is not a lack of diligence, and the Magistrate Judge should have found this factor weighed in County Defendants' favor. Discovery disputes have no bearing on this issue whatsoever, and considering such as evidence of a lack of diligence was clearly erroneous and contrary to law.

      2.  **Necessity**

The Magistrate Judge's analysis of the second factor is also clearly erroneous. This factor considers not whether a continuance is absolutely necessary, but rather "... how likely it is that the need for a continuance could have been met if the continuance had been granted." Flynt, 756 F.2d at 1359. That is, only continuances which serve a purpose should be granted. Protecting County Defendants' right to counsel of choice is a legitimate need. Continuing the trial date will meet that need, because Mr. Gass would then be available. Therefore, this factor weighs in favor of a continuance being granted. Finding otherwise was clear error.

      3.  **Convenience of the Court & Opposing Party**

The Magistrate Judge found the third factor, considering the convenience of the opposing party and the court, weighed against granting County Defendants a continuance, noting that public policy favors timely resolution of claims. The Magistrate Judge also found that Plaintiffs would be "greatly prejudiced" by a

continuance.    <u>See</u>, Order, page 8.    This finding is clearly erroneous as well.

There is nothing to support the finding that Plaintiffs will be prejudiced, greatly or otherwise, by a short continuance.  This is especially obvious when considering the fact that the length of the previous continuance, from January 30, 2007 until August 21, 2007, was necessitated by Plaintiffs' counsel's unavailability until August 2007.  County Defendants' attorneys were available for trial dates prior to August 2007, but Plaintiffs' counsel was not. <u>See</u>, Declaration of Ric Gass.  It is completely illogical to find Plaintiffs will be "greatly prejudiced" by a short delay, after the much longer delay requested by Plaintiffs.

The second fact which exposes the Magistrate Judge's error is that, as Plaintiffs' noted in their Opposition to the Motion to Continue, Plaintiffs would be willing to agree to a continuance if the County Defendants would agree to a magistrate trial.  <u>See</u>, Opposition to Motion to Continue, page 5.  It is apparent that if Plaintiffs are willing to suffer a continuance in order to obtain a magistrate trial, then any prejudice they may sustain from such a continuance would be negligible.

It light of this fact, it is impossible to legitimately find Plaintiffs would be prejudiced by a short continuance.  Reaching such a conclusion was clear error.

County Defendants are more than willing to accept a trial date that is convenient for the Court and Plaintiffs.  County Defendants

merely request that such a date be one on which their attorneys are available.

### 4.  <u>Prejudice to the County Defendants</u>

The County Defendants will suffer great prejudice if the trial is not continued.  Not only will the County Defendants right to counsel fo choice be violated, but the County of Maui will incur significant financial prejudice.

The Maui County Council has made an informed decision to hire Mr. Gass to try this matter on the County's behalf.  In so doing, the Council found that hiring Mr. Gass was a "real necessity".[5] <u>See</u>, Resolution No. 05-60, attached hereto as Exhibit "A".  The same Resolution provided that Mr. Gass would "... provide the bulk of the legal services in this matter." <u>See</u> Exhibit "A".  Mr. Gass has in fact provided substantial legal services to the County Defendants, and would of course provide further services were he allowed to try this case. <u>See</u>, Declaration of Ric Gass.  As noted in the Resolution, the County of Maui has set aside $150,000 to pay for Mr. Gass's legal fees. <u>See</u> Exhibit "A".  The County of Maui has already paid Mr. Gass more than half that amount for his work on this case.

Apparently, the Magistrate Judge considers herself in a better position than the County Council to decide whether or not Mr. Gass's representation is required.  This is a clear error, as the

---

[5]The obvious implication of this decision is that the County Council does not want the Department of the Corporation Counsel to try this matter without Mr. Gass.

Magistrate Judge has essentially nothing upon which to base her opinion.  The Order repeats the Plaintiffs' allegation that Mr. Gass "has not participated in discovery and motions practice in this matter ..."  See, Order, page 9.  That is not accurate.  See, Declaration of Ric Gass.

The Order also states there is nothing to indicate Mr. Gass has any specialized experience that would distinguish him from other experienced trial lawyers.  See, Order, page 9.  Mr. Gass is an extremely experienced trial lawyer, who has been significantly involved in this litigation for nearly two years.  See, Declaration of Ric Gass.

There is no similarly experienced lawyer who has Mr. Gass's knowledge of this case.  The County would almost certainly incur significant legal fees in replacing Mr. Gass, as any replacement attorney would have invest a great deal of time becoming familiar with the details of the case.  Such fees would be in addition to the substantial fees already paid Mr. Gass.

The Order observes that the County Defendants have not made any effort to obtain a replacement for Mr. Gass.  The County Defendants have elected to attempt to protect their constitutional rights to counsel of choice and their financial investment in Mr. Gass's services, rather than simply giving up and looking for alternate counsel.  It was clear error for the Magistrate Judge to have used that as a reason to deny them a continuance.

The Order states that Mr. Gass has not stated why he is unavailable on August 21, 2007, or that he has made any effort to

rearrange his schedule.  Mr. Gass has a previously scheduled trial on that date.  He stated as much at the status conference.  See, Declaration of Ric Gass.  He has since tried to move it, but to no avail.[6]  See, Declaration of Ric Gass.

Finally, the Order concludes that the County Defendants' desire to be represented by Mr. Gass is motivated by an intent to delay the trial.  There is absolutely no basis for such a conclusion.  What advantage the County Defendants hope to gain by a month of delay is unexplained.  In fact, the County Defendants have no desire to delay this matter.  Mr. Gass was available for several trial dates prior to August 2007, and the County Defendants would have no objection to proceeding on an earlier date, but for Plaintiffs' counsel's unavailability.  See, Declaration of Ric Gass.  It is unbelievable that the Magistrate Judge would conclude County Defendants are trying to delay this matter after they have asked for a one month continuance, but did not even question Mr. Gierlach's statement at the status conference that he was unavailable for six straight months.

The Order also ignores all relevant case law on the right to counsel of choice.  The right to counsel of choice in civil litigation "... is one of constitutional dimensions and should be freely exercised without impingement." Mosley v. St. Louis Southeastern Ry., 634 F.2d 942, 946 (5th Cir. 1981), *citing*

---

[6]County Defendants note that, until the Magistrate Judge elected to deny the Motion to Continue without a hearing, Mr. Gass intended to appear by telephone at the hearing to address such issues and any other concerns the Magistrate Judge may have had.

13

Potashnick v. PortCity Construction Co., 609 F.2d 1101, 1118 (5th Cir. 1980). See, also, Gough v. Perkowski, 694 F.2d 1140, 1145 n.4 (9th Cir. 1982) (noting civil litigants' have a right to counsel of choice, and terming it a "legitimate interest."); McCuin, 714 F.2d at 1262.

The right, while not absolute, "... can only be overridden where compelling reasons exist." Bottaro v. Hatton Associates, 680 F.2d 895, 897 (2d. Cir. 1982); In re BellSouth Corp., 334 F.3d 941, 961 (11th Cir. 2003). Demonstrating compelling reasons exist is an "extraordinary burden." Texas Catastrophe Ins. Ass'n. v. Morales, 975 F.2d 1178, 1181 (5th Cir. 1992). See, also, F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1313 (5th Cir. 1995) ("Depriving a party of the right to be represented by the attorney of his or her choice is a penalty that must not be imposed without careful consideration.").

The Magistrate Judge did not apply this or any similar standard, pointing out only that the right to counsel of choice is not unlimited.[7] See, Order, page 9. Failing to apply the proper standard was both clearly erroneous and contrary to law.

When the test is actually applied, it is clear that there are not "compelling reasons" to deny County Defendants Mr. Gass's representation. The desire of the Magistrate Judge to schedule

---

[7]This observation is meaningless, as essentially no constitutional right is unlimited. The First Amendment, for example, does not include protection for speech such as fighting words, slander or obscenity. That, however, does not mean such rights can be abrogated without applying the relevant law.

14

trial in August 2007, rather than a short time later, is not a
compelling reason.  Plaintiffs' counsel's likely desire to avoid
trying this case against Mr. Gass is likewise not a compelling
reason.  County Defendants are, of course, sensitive to the many
scheduling concerns of the Court.  County Defendants are certain,
though, that a trial date convenient for the Court, when Mr. Gass
is available, can be determined.

The need to have this matter resolved in a timely manner is a
legitimate concern.  As mentioned *supra*, however, that concern is
greatly diminished, however, when a lengthy continuance was just
granted to accommodate Plaintiffs' counsel.

The Magistrate Judge also erroneously underestimates the
prejudice that will be inflicted upon the County Defendants.  The
County Defendants are clearly prejudiced by being deprived of their
counsel of choice, regardless of whether they can find an
adequately skilled substitute. Denying County Defendants the right
itself is significant prejudice in itself. See, Macheca Transport
Co. v. Philadelphia Indemn. Co., 463 F.3d 827 (8th Cir. 2006) ("A
party's right to select its own counsel is an **important public
right and a vital freedom that should be preserved** ...") (emphasis
added); Blumenfeld v. Borenstein, 276 S.E.2d 607, 609 (Ga. 1981)
("[T]he right to counsel is an important interest which requires
that any curtailment of the client's right to counsel of choice be
approached with great caution."); Myers v. Siegel, 920 So.2d 1241,
1245 (Fla.App. 2006) (finding denial of continuance "... which
effectively deprived [defendant] of her counsel of choice and her

15

day in court, certainly did not further the interests of justice ..." and was an abuse of discretion.); In re Application of Metropolitan Transp. Authority, 222 A.D.2d 340, 341, 635 N.Y.S.2d 604 (N.Y.A.D. 1995) (finding a party would be prejudiced by disqualification of its trial counsel, noting that "[a] civil litigant has a fundamental right to legal counsel of choice.").

A recent federal district court case, Lewis v. Wal-Mart Stores, Inc., 2006 WL 1892583 (N.D.Okla.), dealt with an analogous issue. There, a magistrate judge issued an order barring counsel from representing certain plaintiffs, due to a violation of a court order. Id. at *1. That decision was appealed to the district court judge. The district court judge found that even though the magistrate's decision was not clearly erroneous, it should still be reversed because it "... could amount to an infringement of the plaintiffs' right to counsel of choice." Id, at *4, citing BellSouth, 334 F.3d at 955, 961. The court termed such an infringement "too harsh" a penalty, so the issue was remanded to the magistrate to determine a "less severe sanction." Id. Here, County Defendants are facing what amounts to an extremely harsh sanction through absolutely no fault of their own.

Continuing a trial date so that it does not conflict with the schedules of counsel is not a novel idea. See, e.g., Knox v. Anderson, 21 F.R.D. 97, 98 (D.Haw. 1957) (noting that "lengthy continuance" was given, among other reasons, to accommodate the parties' lawyers). There is no compelling reason not to do so here.

16

## IV.  <u>CONCLUSION</u>

For the reasons described above, the Magistrate Judge's denial of a continuance was clearly erroneous and contrary to law. Accordingly, County Defendants respectfully request that this Honorable Court set aside the Order, grant the Motion to Continue Trial, and remand this matter to the Magistrate Judge with instructions to hold a conference to select a new trial date on which counsel for all parties will be available.

DATED: Wailuku, Maui, Hawaii, February 22, 2007.

BRIAN T. MOTO
Corporation Counsel
Attorney for Defendant
  COUNTY OF MAUI


By   /s/ Moana M. Lutey
    MOANA M. LUTEY
    Deputy Corporation Counsel

17