IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MEGAN KAINA, KAMAILE KAINA, KAWIKA KAINA through their Next Friend, MALIA KAINA; ISAAC KAINA; AVON KEALOHA; MITSUI TOMITA; ANDY TOMITA; JESSE TOMITA; AMOS TOMITA and AVON KEALOHA AS PERSONAL REPRESENTATIVE OF THE ESTATE OF LISA TOMITA KAINA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MAUI; COUNTY OF MAUI POLICE DEPARTMENT; NELSON JOHNSON; ALLEN DE LARA; AND DOE DEFENDANTS 3-100,<br><br>Defendants. | ) | CV. NO. 04-00608 DAE-LEK |

ORDER VACATING MAGISTRATE JUDGE'S ORDER DENYING MOTION TO CONTINUE TRIAL

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendants County of Maui, Nelson Johnson, and Allen De Lara's (collectively, "Defendants") Appeal and

Plaintiffs' Response, the Court VACATES the Magistrate Judge's Order Denying Defendants' Motion to Continue Trial Date ("Order") and REMANDS this matter to the Magistrate Judge to reschedule the trial for a date on which counsel for all parties can be present.

BACKGROUND

Maui Police Officers Johnson and De Lara killed Lisa Kaina, Plaintiffs' decedent, after she stole a rental car and led the officers on a car chase. (Order Granting in Part and Denying in Part County Def.'s MSJ entered January 26, 2006 at 2-5.) Plaintiffs filed a wrongful death suit in state court, which the Defendants removed to federal court on October 8, 2004. (Order at 2.)

Pursuant to the August 1, 2006 Amended Rule 16 Scheduling Order, this case was set for trial on January 30, 2007. (Id.) In early December 2006, the District Court's courtroom manager notified the parties that two criminal trials were set for the week of January 23, 2007, one of which likely would take over two weeks to try. (Id.)

On December 4, 2006, the Magistrate Judge held a status conference at which the parties and the Magistrate Judge agreed that a new trial date should be set based on the District Court's docket. (Id.) Plaintiffs' counsel, Mr. Gierlach, informed the Magistrate Judge that he would be unavailable until August 2007.

Defendants' mainland counsel, Mr. Gass, informed the Magistrate Judge that he would be unavailable in August 2007, but that he would be available in September 2007. (Id. at 2-3.) Defendants tried to get Plaintiffs to agree to a September 17, 2007 trial date, but Plaintiffs refused because Plaintiffs' counsel had another trial set for that date. (Id. at 4.) The Magistrate Judge asked the parties if they would consent to a trial before the Magistrate Judge to assure a firm trial date. (Id. at 3.) Defendants declined. (Id.) The Magistrate Judge then set the trial date for August 21, 2007, over Defendants' objections. (Id. at 3, 5.)

On January 5, 2007, Defendants filed a Motion to Continue Trial Date. On January 23, 2007, Plaintiffs filed their memorandum in opposition. On January 31, 2007, Defendants filed their reply. In their Motion, Defendants argued that the Magistrate Judge chose the August 21, 2007 trial date to "punish" them for refusing to consent to a trial before the Magistrate Judge. (Id. at 3.) They also asserted that a one-month continuance of the trial would not prejudice Plaintiffs because Defendants' counsel, who was available for trial in early 2007, was not the cause of the delay. Rather, the cause of the delay was the unavailability of Plaintiffs' counsel. (Id.) Additionally, Defendants argued that the continuance was warranted because they had prepared their case diligently, the short continuance would not unduly inconvenience Plaintiffs or the Court, and

Defendants would be greatly prejudiced if they had to go to trial without Mr. Gass, their outside counsel.  (Id. at 3-4.)  Defendants further claimed that forcing them to go to trial without Mr. Gass would deprive them of their constitutional right to be represented by counsel of their choice.  (Id. at 5.)  Finally, Defendants stated that, because Plaintiffs' counsel was unavailable for a September 17, 2007 trial, they would accept another mutually convenient date.

        Plaintiffs responded that Defendants misrepresented Plaintiffs' request for an August 2007 trial date as a "seven-month continuance" of the trial, when that simply was the next date on which Plaintiffs' counsel was available.  Plaintiffs offered several reasons why the August 2007 trial date was preferable:  "the district court's schedule may be lighter because many attorneys take vacation during that time; August would be more convenient for Plaintiffs' out-of-state witnesses; and the trial date may be continued yet again, so the earlier the trial date, the sooner any continued trial would be."  (Id. at 4.)  Plaintiffs also argued that Defendants would not be unduly prejudiced if Mr. Gass were unable to represent them at trial because he had not participated in discovery or the pretrial motions.  (Id.)  Moreover, Plaintiffs claimed that Mr. Gass's unavailability would not prejudice Defendants because local counsel is capable of trying the case.  (Id.)  Conversely, Plaintiffs argued that further delay would cause prejudice to them because

additional delay would make the procurance of testimony increasingly difficult. (Id. at 5.)   Finally, Plaintiffs stated that if Defendants would consent to a trial before the Magistrate Judge, Plaintiffs would agree to a short continuance.  (Id.)

After considering the above arguments, the Magistrate Judge denied Defendants' Motion to Continue Trial.  The Magistrate Judge's denial predominantly was based on Defendants' ability to use local counsel at trial and her finding that Mr. Gass did not have any "specialized knowledge or skill that is required to try the case."  (Id. at 9.)  As such, the Magistrate Judge concluded that "Defendants' insistence upon Mr. Gass' participation at trial appears to be an attempt to delay the proceedings," and she denied the Motion accordingly.  (Id.) On February 22, 2007, Defendants appealed the Magistrate Judge's Order.  On February 27, 2007, Plaintiffs filed their response.

## STANDARD OF REVIEW

A party may appeal any pretrial, nondispositive matter determined by a Magistrate Judge.  Fed. R. Civ. P. 72(a); LR 74.1.  A district judge "shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  LR 74.1.  To find the Magistrate Judge's decision "clearly erroneous," the district court must have a "definite and firm conviction that a mistake has been committed."  Burdick v. Comm'r Internal Revenue Serv., 979

F.2d 1369, 1370 (9th Cir. 1992) ("A finding of fact is clearly erroneous if we have a definite and firm conviction that a mistake has been committed."). "The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Conant v. McCoffey, No. C 97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. 1998).

DISCUSSION

Defendants highlight several perceived errors in the Order, which Plaintiffs dispute. Namely, Defendants contend that the Order constitutes clear error because the Magistrate Judge misapplied the four-part test articulated in United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir. 1985). (Def.'s Appeal at 7-8.) Defendants also argue that the Magistrate Judge set the current trial date to "punish" Defendants for refusing to agree to a magistrate trial, and that, in doing so, the Magistrate Judge violated Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 73(b). (Id. at 4-5.)

Before responding to Defendants' arguments, Plaintiffs renew their objection to the Defendants' characterization of the August trial date as a 7-month continuance granted at the request of the Plaintiffs. (Pl.'s Response at 2.)

Plaintiffs then respond that the Magistrate Judge correctly considered and weighed the Flynt factors in denying the continuance. (Id. at 4.) Plaintiffs focus on the lack of prejudice to Defendants, arguing that the Magistrate Judge correctly found that Mr. Gass's unavailability in August would not prejudice Defendants because Mr. Gass did not participate in the discovery or pretrial litigation related to this case and local counsel are capable of representing Defendants at trial. (Id. at 2-3.) By contrast, Plaintiffs argue that Mr. Gierlach's presence is critical, seeing as he has participated in all of the discovery and pretrial motions to date. (Id. at 4.) Moreover, Plaintiffs refute any argument that the Magistrate Judge set the trial in August to "punish" Defendants for refusing to consent to a magistrate trial and, instead, argue that they would be punished if they were forced make an "extraordinary accommodation" for Mr. Gass. (Id.)

A. Magistrate Judge's Denial of Continuance Was Clearly Erroneous

This Court considers four factors when determining whether it should set aside the Magistrate Judge's Order denying the continuance as clearly erroneous: (1) Defendants' diligence in preparing his or her defense before the date set for trial; (2) the likelihood that granting the continuance would meet the need for a continuance; (3) the inconvenience to the court and opposing parties, including witnesses, that would result from granting the continuance; and (4) the

potential harm to the party resulting from the denial of the continuance. See Flynt, 756 F.2d at 1359. After weighing each factor, this Court will set aside the Magistrate Judge's Order only if Defendants prove, at minimum, that they have suffered prejudice as a result of the denial. See id.

        1. Diligence

The Magistrate Judge concluded that Defendants were not diligent in preparing for the January 30, 2007 trial date because they "were less than forthcoming in producing discovery in this action." (Order at 7.) That finding is flawed for two reasons. First, the proper inquiry revolves around the reasons for Defendants' request for the continuance at issue, which, here, is Defendants' request for a continuance from August 21, 2007 until a later date, not the court's continuance, on its own initiative, from January 2007 until August 2007. See United States v. Mejia, 69 F.3d 309, 315 (9th Cir. 1995) (focusing on the appellant's need for the requested continuance, and finding diligence where "[t]he need for a continuance was not due to Mejia's lack of diligence, but rather to the fact that the government's two key witnesses were on vacation"). Consequently, whether or not Defendants were diligent in producing discovery before the January 2007 trial date was irrelevant to the question of whether Defendants requested the later continuance (from August 2007 to a later date) based on lack of diligence or

for another reason. Second, the proper inquiry focuses on whether Defendants' request for continuance was based on his lack of diligence in readying or preparing a defense before the hearing or trial date, not on Defendants' lack of diligence in producing discovery well before the continuance was requested. See, e.g., United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir. 1989) (listing the first factor as "the extent of defendant's diligence in readying the defense") (emphasis added); Flynt, 756 F.2d at 1359 (considering as the first prong "the extent of the appellant's diligence in his efforts to ready his defense prior to the date set for hearing") (emphasis added). Compare United States v. Pope, 841 F.2d 954, 956 (9th Cir. 1988) (finding that defendant was not diligent in contacting a psychiatrist to establish his insanity defense). Here, Defendants requested the continuance from August 21, 2007 until a later date because their outside counsel, Mr. Gass, would not be available on that day. Defendants did not make the request because they were not diligent in preparing their defense and, therefore, would require more preparation time. In fact, Defendants stated that they would be prepared to proceed before August 21, 2007. Rather, Defendants requested the continuance because their outside counsel had a conflict in his schedule, i.e., another trial, on the date

that the Magistrate Judge ultimately selected for the trial.[1] See Martel v. County of Los Angeles, 34 F.3d 731, 735 (9th Cir. 1994), rev'd on other grounds, 56 F.3d 993 (9th Cir. 1995) (en banc) ("It was improper for the district court to hold counsel's busy schedule against his client in this case . . . . [W]here counsel's busy trial schedule is the primary reason for a delay in trial preparation, a continuance should generally not be denied in the absence of a prior warning, an exploration of the legitimacy of counsel's conflicting engagements and the extent to which an accommodation of counsel's schedule would prejudice the opposing party or inconvenience the court, and consideration of alternative solutions.") Thus, the record does not support a finding of a lack of diligence on Defendants' behalf.

Because Defendants based their request for a continuance on a conflict in their outside counsel's trial schedule and not on a lack of diligence in the preparation of their defense, the Magistrate Judge's conclusion that the first Flynt factor was "neutral" was clearly erroneous. The first Flynt factor weighs in favor of granting the continuance.

[1] The Court notes that Mr. Gass has attempted, unsuccessfully, to reschedule the conflicting trial to make himself available to appear before this Court on August 21, 2007. (Decl. of James Ric Gass at ¶ 10.)

2. Likelihood That Need For Continuance Would Be Met

The Magistrate Judge appears to have held the belief that Defendants did not demonstrate a real "need" to have Mr. Gass participate in the trial, which need would have been met by the granting of a continuance. (Order at 7.) That belief was based on the fact that Mr. Gass had "not participated in either the discovery or the significant motions practice in this case[.]" (Id.) It also was based on the Magistrate's finding that, because Mr. Gass did not bring "any particular knowledge, experience[,] or skill that could not be equally met by other trial attorneys in Honolulu or elsewhere," Mr. Gass could be replaced easily, unlike Plaintiffs' counsel. (Id.) In making that finding, the Magistrate Judge apparently disregarded Defendants' assertion that Mr. Gass has litigated wrongful death actions, whereas none of the Deputies Corporation Counsel assigned to this case have experience in this area. (Def.'s Reply at 9 n.6.)

The Magistrate Judge misapplied this factor of the Flynt test. The appropriate inquiry is not whether Defendants "need" Mr. Gass, but, rather, if granting the continuance "would serve a useful purpose." Flynt, 756 F.2d at 1360. Courts do not require great specificity in defining the specific purpose that a continuance would serve, but in this case it is clear that the continuance would serve the purpose of protecting Defendants' right to be represented by counsel of

their choice. See id. (declining to require greater specificity in setting forth the anticipated testimony of expert witnesses on the issue of capacity to determine the usefulness of the continuance). The fact that the County of Maui has deemed it appropriate to hire Mr. Gass, an attorney experienced in trying wrongful death cases, to assist the Deputies Corporation Counsel, who lack such experience, is sufficient to show that Mr. Gass's presence at trial would be useful to Defendants. Thus, Defendants are not required to set forth in great detail the exact benefits that they hope to derive from Mr. Gass's representation. It is enough that they hired Mr. Gass to try the case, presumably based on his experience.

Additionally, that any number of other lawyers could be found to represent Defendants as well as Mr. Gass is of no consequence to this inquiry. "Parties normally have the right to counsel of their choice, so long as the counsel satisfy required bar admissions . . . ." Cole v. U.S. Dist. Court, Dist. of Idaho, 366 F.3d 813, 817 (9th Cir. 2004); see also, Potashnick v. Port City Constr. Co., 609 F.2d 1101, 1104 (5th Cir. 1980) ("[A] civil litigant has a constitutional right to retain hired counsel."); Neal v. State of Texas, 870 F.2d 312, 315 (5th Cir. 1989) (determining that "while there is no constitutional right to representation by a particular attorney . . . due process requires that a defendant be afforded a fair or reasonable opportunity to secure representation of his or her own choosing")

(citations omitted). Although that right is not absolute, Terry v. Enomoto, 723 F.2d 697, 700 (9th Cir. 1984), where excessive delay is not an issue, a defendant's right to exercise his constitutionally guaranteed right generally will favor a continuance. See Armant v. Marquez, 772 F.2d 552, 557 (9th Cir. 1985) (concluding that a "continuance would have allowed for the exercise of a right guaranteed by the United States Constitution"). In this case, Defendants have asserted their constitutional right to be represented by the counsel of their choice. (Def.'s Reply at 8-11.) The parties do not point to any improper purpose in making that assertion, e.g., to disqualify the presiding judge. See Robinson v. Boeing Co., 79 F.3d 1053, 1056 (11th Cir. 1996) (involving a party's attempt to associate a new firm, in which the judge's father was a partner, knowing that the judge would have to recuse himself). Nor has there been unreasonable delay in notifying the Court of the need for the continuance or in the assertion of the underlying right that Defendants seek to protect. Thus, the Magistrate Judge was not justified in denying Defendants their constitutional right to be represented by counsel of their choice.

Because the Magistrate Judge analyzed the Defendants' "need" for Mr. Gass to represent them at trial rather than the need for a continuance to meet a useful purpose, her finding that the second prong of the Flynt test was not met was

clearly erroneous. The desire to be represented by counsel of choice is a legitimate "need" under the Fifth Amendment Due Process Clause and, in this case, the granting of a continuance would meet that need. The second prong, therefore, favors granting a continuance.

3. Inconvenience

The Magistrate Judge found that the third Flynt factor weighed against granting a continuance because this case has been pending in federal court since October 8, 2004 and "[f]urther delay . . . is against public policy." (Order at 8.) The Magistrate Judge noted that "as more and more time goes by, it will become increasingly difficult for [Plaintiffs] to secure witnesses to prove their case"; therefore, any additional delay would greatly prejudice Plaintiffs. (Id.)

As the case law demonstrates, a finding of inconvenience should be based on such factors as the court's necessity to reschedule other pending matters, the ability of witnesses to appear at the continued hearing or trial, and any inconvenience to the opposing party. See, e.g., United States v. Rivera-Guerrero, 426 F.3d 1130, 1141 (9th Cir. 2005) (citation omitted) (finding no inconvenience where delay would not have required rescheduling other matters or otherwise have caused any significant inconvenience to the court); Pope, 841 F.2d at 957 (determining that a court must also consider inconvenience to opposing party's

witnesses); Armant, 772 F.2d at 557 (concluding that no inconvenience was created by recalendaring a one-day trial where opposing party had only three witnesses, all of whom resided near the forum court); United States v. West, 828 F.2d 1468, 1470 (10th Cir. 1987) (finding that no inconvenience would be caused by a half-day delay; that the delay would not require recalendaring of other matters; or that it would not seriously inconvenience the government or the jury). Compare United States v. Dowlin, 408 F.3d 647, 663-64 (10th Cir. 2005) (determining that inconvenience to the government and to the court justified denial of a continuance where the continuance created a risk that the entire case would have to be retried).

Here, the facts in the record simply do not support a finding that a short continuance from the August 21, 2007 trial date to a later, mutually convenient date would have inconvenienced the court or Plaintiffs. First, to the best of this Court's knowledge, a short continuance would not have required the Court to reschedule any other matter. See Rivera-Guerrero, 426 F.3d at 1141. Second, a short continuance would not have noticeably affected Plaintiffs' ability to procure their witnesses. Plaintiffs contend that they have witnesses who must travel from out of state for the trial, and that, without identifying any particular witness, traveling to Hawaii in August rather than in September would be more

convenient because their children will be returning to school in September.  (Pl.'s Memo. in Opp. at 3.)  Notably, Plaintiffs' argument on this point, though possibly made in error, appears to contradict itself.  Plaintiffs argue, "August is a better time for travel given people's schedules and the fact that children are returning to school in September, and witnesses with children may have problems attending the trial in August."  (Id.) (emphasis added).  Even without that apparent contradiction, however, Plaintiffs' argument of inconvenience to their witnesses fails because Plaintiffs failed to identify any witness that the continuance would affect and, regardless of the month, out of state witnesses usually will experience some degree of inconvenience when appearing before a court in Hawaii due to the state's remote location.  Third, contrary to the Magistrate Judge's finding, Plaintiffs did not establish that a continuance would lead to increased difficulty in securing testimony.  While this may be true in general, Plaintiffs have failed to show that procuring their witnesses sometime later in 2007 as opposed to August 21, 2007 would create any more hardship.  Plaintiffs' assertion that witnesses might move during the delay or that their memories might degrade is unpersuasive, as an additional month or even weeks should not increase, at least greatly, the likelihood of those perceived risks.  (Pl.'s Memo. in Opp. at 4-5.)

In sum, although a delay in time may contribute to a finding of inconvenience, on the facts of this case, a short delay to accommodate Defendants' outside counsel, particularly in light of the previous seven-month delay, without any other inconvenience to the court or to the parties did not support a finding of inconvenience. Thus, the third factor weighs in favor of granting a continuance.

4. Harm or Prejudice

Although the weight given the other three Flynt factors may vary from case to case, an order denying a continuance cannot be set aside without a showing that the denial prejudiced the moving party. See Mejia, 69 F.3d at 314-15 (citing Flynt, 756 F.2d at 1358). In considering the final Flynt factor, the Magistrate Judge determined that "Defendants' prejudice in being deprived of their counsel of choice is slight." (Order at 9.) Again, the Magistrate Judge relied on her finding that Mr. Gass did not participate in the discovery or pretrial motions in this case as well as on her belief that Mr. Gass did not have any skill or experience that set him apart from any other experienced trial attorney. (Id.) The Magistrate Judge also noted that Defendants did not make reasonable attempts to retain other trial counsel for trial on August 21, 2007. (Id.) Moreover, the Magistrate Judge found that Defendants had not shown why Mr. Gass was unavailable for trial on August 21, 2007 and why he could not rearrange his schedule to accommodate that trial date.

(Id.) The Magistrate Judge concluded that Defendants' insistence on a trial date on which Mr. Gass was available "appear[ed] to be an attempt to delay the proceedings." (Id.)

First, this Court disagrees with the Magistrate Judge's characterization of Defendants' prejudice as "slight." Requiring Defendants to proceed to trial without their chosen counsel simply because that attorney happens to have a conflict on the trial date set after the court required a continuance would undermine the right of parties to select their counsel. Furthermore, the forced hiring of new counsel in light of a scheduling conflict may result in a massive waste of resources, both private and judicial. If such conflicts were to form a pattern and/or a party were to hire new counsel routinely throughout a case with multiple continuance requests, the result may be different. That is not the case here, however.

Second, the record does not support the Magistrate Judge's conclusion that Defendants' insistence on a new trial date was a mere delay tactic. Defendants state, and nobody contradicts, that Defendants were able to proceed with trial on several dates before August 21, 2007, but those dates were rejected because Plaintiffs' counsel, Mr. Gierlach, was not available. (Def.'s Appeal at 13.) Given their willingness to proceed before the current August trial date, a conclusion that Defendants' request for a continuance was a mere delay tactic does not follow.

Consequently, Defendants have shown adequate harm or prejudice to justify the granting of a continuance.

Based on the foregoing analysis of the four Flynt factors, this Court finds that the Magistrate Judge's denial of the continuance was clearly erroneous.

B. Federal Rule of Civil Procedure 73(b)

Defendants contend that the Magistrate Judge punished them for refusing to agree to a magistrate trial. In doing so, Defendants argue that the Magistrate Judge violated Fed. R. Civ. P. 73(b), which requires magistrates to advise parties that they may refuse to consent to a trial before the magistrate "without adverse substantive consequences." Because the relief requested for this alleged violation, i.e., setting aside the Order and requiring the Magistrate Judge to reschedule the trial on a date convenient for all parties, is the same as that requested under the theory that the Magistrate Judge misapplied the Flynt test, the Court does not reach this issue. However, the Court notes that it finds no evidence of vindictive motive of the Magistrate Judge to support the allegation.

CONCLUSION

For the reasons stated above, the Court VACATES the Order and REMANDS this case to the Magistrate Judge with instructions to reschedule the trial for a mutually convenient date on which counsel for both parties can be present.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 17, 2007.




David Alan Ezra
United States District Judge

Kaina, et al. v. County of Maui, et al., CV No. 04-00608 DAE-LEK; ORDER VACATING MAGISTRATE'S JUDGE'S ORDER DENYING MOTION TO CONTINUE TRIAL