**EXHIBIT 1**

**LexisNexis® Total Research System**

Switch Client | Preferences | Sign Off | ? Help
My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History
Source: Legal > Cases - U.S. > All Courts - By Circuit > 9th Circuit - Federal & State Cases, Combined
Terms: bifurcate w/20 liability w/20 damages  (Edit Search | Suggest Terms for My Search)

☞Select for FOCUS™ or Delivery
☐

*2003 U.S. Dist. LEXIS 8142, **

Estate of RODNEY RAY LAYMAN, by and through Michelle Layman, Personal Representative, Plaintiff,
v. SHAWN BLALACK and WASHINGTON COUNTY, Defendants.

CV 01-1857-BR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

2003 U.S. Dist. LEXIS 8142

February 19, 2003, Decided

**DISPOSITION:** [*1] Plaintiff's Motion to **Bifurcate** Issues of **Liability** and **Damages** GRANTED.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Plaintiff personal representative of decedent's estate sued defendant deputy sheriff for money damages under 42 U.S.C.S. § 1983 for the shooting death of decedent following a traffic stop. Plaintiff moved pursuant to Fed. R. Civ. P. 42(b) to **bifurcate** the **liability** phase of trial from the **damages** phase in order to avoid exposing the jury to evidence of decedent's extensive criminal history before the question of liability was decided.

**OVERVIEW:** A decedent's criminal record was not relevant to determine the perspective of a reasonable officer on the scene unless the officer was aware of the history at the time. The deputy did not know of decedent's criminal history before the shooting. The deputy opposed the motion, arguing that the evidence was relevant to explain decedent's behavior at the scene and to prove his motive and intent. The deputy also argued that decedent's conduct immediately before the shooting was characteristic of his habitual behavior when intoxicated and in a jealous rage. If decedent was aware of a warrant and/or the suspension of his driving privileges at the time of the traffic stop, those two discrete parts of his criminal history could have impacted his state of mind immediately before his contact with the deputy. The remainder of his extensive criminal history was clearly not admissible. The deputy failed to establish that the decedent committed the acts for which arrests were made or to establish the factors for admitting habit evidence. The risk of unfair prejudice as to the issue of liability outweighed the probative value of decedent's criminal history as to damages.

**OUTCOME:** The court granted plaintiff's motion to **bifurcate** the trial on the issues of **liability** and **damages.**

**CORE TERMS:** deputy, criminal history, habit, admissible, arrest, rage, criminal record, shooting, driving, conformity, bifurcate, state of mind, motive, scene, traffic stop, character evidence, semi-automatic, reasonableness, reflexive, quotations, routine, weigh, bad acts, order to avoid, damages issues, liability issues, evidence of prior, separate trials, absence of mistake, citations omitted

**LEXISNEXIS® HEADNOTES**                                                                  ⊟ **Hide**

Civil Procedure > Pleading & Practice > Pleadings > Counterclaims > General Overview
Civil Procedure > Pretrial Matters > Separate Trials
**HN1** ⬥ See Fed. R. Civ. P. 42(b).

Civil Procedure > Pretrial Matters > Separate Trials
**HN2** ⬥ The court has broad discretion to bifurcate a trial under Fed. R. Civ. P. 42(b). More Like This Headnote

Evidence > Relevance > Character Evidence

HN3± Fed. R. Evid. 404 prohibits the admission of character evidence to prove a person acted in conformity with a certain character trait except in certain circumstances. More Like This Headnote

Evidence > Relevance > Character Evidence

HN4± See Fed. R. Evid. 404.

Evidence > Relevance > Routine Practices

HN5± Fed. R. Evid. 406 is an exception to Fed. R. Evid. 404 and permits the admission of evidence of habit to show a person acted in conformity with a particular routine. More Like This Headnote

Evidence > Relevance > Routine Practices

HN6± See Fed. R. Evid. 406.

Evidence > Relevance > Routine Practices

HN7± A district court's ruling on whether proffered evidence qualifies as habit evidence under Fed. R. Evid. 406 is highly fact-specific. Habit describes one's regular response to a repeated specific situation. In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct. The burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the evidence. More Like This Headnote

Criminal Law & Procedure > Arrests > Probable Cause
Criminal Law & Procedure > Arrests > Reasonable Force
Evidence > Relevance > Prior Acts, Crimes & Wrongs

HN8± In a § 1983 claim arising from a police shooting, the Fourth Amendment's "reasonableness" standard governs liability analysis. A police officer may use deadly force when he has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others. The reasonableness inquiry is objective, does not take into account the officer's good or bad motivations or intentions, and is viewed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The analysis allows for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation. Because the inquiry turns on whether the officer's conduct was objectively reasonable, the focus is on the facts and circumstances known to the officer at the time of the shooting. Accordingly, historical evidence about a decedent's criminal record typically is not relevant to determine the perspective of a reasonable officer on the scene unless the officer was aware of that history at the time. More Like This Headnote

Evidence > Relevance > Prior Acts, Crimes & Wrongs

HN9± Fed. R. Evid. 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. There is a four-part test to determine the admissibility of evidence pursuant to Rule 404(b). Such evidence may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. More Like This Headnote

**COUNSEL:** JAN BAISCH, Baisch & Coletti, P.C., Portland, OR, Attorneys for Plaintiff.

DAN OLSEN, Hillsboro County Counsel, WILLIAM G. BLAIR, Senior Assistant County Counsel, Hillsboro, OR, Attorneys for Defendant.

**JUDGES:** ANNA J. BROWN, United States District Judge.

**OPINION BY:** ANNA J. BROWN

**OPINION**

**OPINION AND ORDER**

**BROWN, Judge.**

On December 2, 2001, Defendant Shawn Blalack, a uniformed Washington County Deputy Sheriff, shot Rodney Ray Layman (Layman) in the moments immediately following a traffic stop. Layman died as a result. Plaintiff Michelle Layman, the Personal Representative of Layman's Estate, brings this action against Deputy Blalack for money damages pursuant to 42 U.S.C. § 1983. [1]

**FOOTNOTES**

[1] In her First Amended Complaint, Plaintiff also alleges state law claims for wrongful death and negligence against Washington County. At a conference on September 26, 2002, however, Plaintiff's counsel informed the Court that Plaintiff intended to proceed to trial only on her § 1983 claim against Deputy Blalack.

[*2] This matter comes before the Court on Plaintiff's Motion to **Bifurcate** the Issues of **Liability** and **Damages** (# 21). Plaintiff moves to **bifurcate** the **liability** phase of trial from the **damages** phase in order to avoid exposing the jury to evidence of Layman's extensive criminal history before the jury has determined the question of liability. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

**STANDARDS**

**A. Bifurcation pursuant to Fed. R. Civ. P. 42(b).**

Fed. R. Civ. P. 42(b) provides:

> HN1 The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

HN2 The court has broad discretion to bifurcate a trial under Rule 42(b). *Jinro America, Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001). [*3]

**B. Fed. R. Evid. 404 and character evidence.**

HN3 Fed. R. Evid. 404 prohibits the admission of character evidence to prove a person acted in conformity with a certain character trait except in certain circumstances. Rule 404 provides in part:

> HN4 (a) Character Evidence Generally.--Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . . .
>
> * * *
>
> (B) Other Crimes, Wrongs, or Acts.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

**C. Fed. R. Evid. 406 and evidence of habit.**

HN5 Fed. R. Evid. 406 is an exception to Rule 404 and permits the admission of evidence of habit to show a person acted in conformity with a particular routine. Rule 406 provides:

> HN6 Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence [*4] of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

In *United States v. Angwin*, the Ninth Circuit recently explained the proper application of Rule 406:

> HN7⚓A district court's ruling on whether proffered evidence qualifies as habit evidence under Federal Rule of Evidence 406 is highly fact-specific.
>
> * * *
>
> Habit "describes one's regular response to a repeated specific situation." In deciding whether certain conduct constitutes habit, courts consider three factors: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct. The burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the evidence.

271 F.3d 786, 798-99 (9th Cir. 2001), *cert. denied*, 535 U.S. 966, 152 L. Ed. 2d 375, 122 S. Ct. 1385 (2002) (citations omitted).

**DISCUSSION**

Plaintiff moves to **bifurcate** trial of the **liability** and **damages** issues in this matter in order to avoid [*5] exposing the jury to evidence of Layman's extensive criminal history before the jury has determined the question of liability. Although Plaintiff concedes evidence about Layman's criminal history will be relevant at trial concerning the question of damages, Plaintiff asserts that evidence is not admissible to determine Deputy Blalack's alleged liability under § 1983.

HN8⚓In a § 1983 claim arising from a police shooting, the Fourth Amendment's "reasonableness" standard governs liability analysis. A police officer may use deadly force when he "has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Billington v. Smith*, 292 F.3d 1177, 1184 (9th Cir. 2002) (citations and internal quotations omitted). The reasonableness inquiry is objective, does not take into account the officer's good or bad motivations or intentions, and is viewed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* (citations and internal quotations omitted). The analysis allows "for the fact that police officers are often forced to make split-second judgments--in circumstances [*6] that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." *Id.* (citations and internal quotations omitted). Because the inquiry turns on whether the officer's conduct was "objectively reasonable," the focus is on the facts and circumstances known to the officer at the time of the shooting. *See id. at 1184-85*. Accordingly, historical evidence about a decedent's criminal record typically is not relevant to determine "the perspective of a reasonable officer on the scene" unless the officer was aware of that history at the time.

The parties agree Deputy Blalack did not know about Layman's criminal history before the shooting. Layman's criminal history has no bearing, therefore, on the objective reasonableness of Deputy Blalack's perceptions. Deputy Blalack, nonetheless, opposes bifurcation on the grounds that Layman's criminal history is probative of Layman's state of mind immediately before the shooting and, therefore, admissible for two distinct purposes. First, Deputy Blalack maintains Layman's criminal history is relevant to explain Layman's behavior at the scene and to prove Layman's motive and intent. [*7] Second, Deputy Blalack contends Layman's conduct immediately before the shooting was characteristic of his "habitual behavior when intoxicated and in a jealous rage."

Deputy Blalack correctly notes evidence of prior bad acts is admissible under Rule 404(b) to prove motive and intent. In *United States v. Romero*, the Ninth Circuit recently reiterated the applicable standard to admit character evidence for this purpose:

> .... HN9⚓Rule 404(b) permits evidence of prior wrongs or acts to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
>
> We have articulated a four-part test to determine the admissibility of evidence pursuant to Rule 404(b). Such evidence "may be admitted if: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged."

282 F.3d 683, 688 (9th Cir.), *cert. denied*, 537 U.S. 858, 154 L. Ed. 2d 96, 123 S. Ct. 228 (2002) (citations omitted).

Evidence of Layman's state of mind at the scene could be relevant [*8] to support Deputy Blalack's

contention that Layman acted in ways that objectively threatened Blalack's safety. Deputy Blalack notes Layman's criminal history indicates there was an outstanding warrant for Layman's arrest, and Layman's driving privileges were suspended at the time of the traffic stop. If Layman was aware of the warrant and/or the suspension of his driving privileges at the time of the traffic stop, these two discrete parts of his criminal history might bear on Layman's state of mind immediately before his contact with Deputy Blalack.

Even if these two instances from Layman's criminal record are received [2] in relation to liability issues to show Layman's state of mind immediately before the shooting, however, the rest of his extensive criminal history is not admissible for that purpose.

As noted, the Court must apply a four-part test to determine whether other entries on Layman's criminal record are admissible under Rule 404(b). Deputy Blalack, however, has failed to show the first, second, and fourth factors weigh in favor of admitting Layman's record as a whole. For example, Layman's criminal history includes numerous driving crimes and property offenses. None [*9] of the factors weigh in favor of admitting evidence of these acts in relation to § 1983 liability. In addition, although Layman's record also shows he has been arrested more than a dozen times since 1989 for assault, domestic violence, and resisting arrest, Deputy Blalack has not shown these arrests are "sufficient to support a finding that defendant committed the other act." United States v. Romero, 282 F.3d at 688. In any event, the Court would have to conduct a series of "minitrials" in this matter to determine whether Layman actually committed these other bad acts. The time and distraction those inquiries would require weighs heavily against their admission to determine the question of liability.

**FOOTNOTES**

[2] The Court need not resolve the admissibility of this limited part of Layman's criminal history at this time.

Deputy Blalack also argues:

> Defendants intend to show that the deadly combination of excess alcohol and jealousy, put plaintiff into a characteristic rage. His rage was amplified [*10] by frustration that his wife walked out of the apartment rather than pursue the marital confrontation. He got in his truck, drove around in that state of generalized and painful rage, and when his reckless driving behavior attracted the attention of a sheriff's deputy, he realized also that when stopped he would be arrested for driving while suspended and held on an outstanding arrest warrant in a felony case. The frustrated rage that impelled his reckless driving caused him to try to elude the officer. Run to his apartment, the generalized rage coalesced and focused on this sheriff's deputy with the audacity to interfere in his private life. He left his truck in a state of irrational, but understandable rage focused on Deputy
>
> Blalack. *As he had so many times before when faced with police arrest, and any shred of good judgment stolen by alcohol and anger, he chose to fight the police rather than submit to arrest.*

Defs.' Resp. at 6 (emphasis added). Thus, in addition to evidence of Layman's state of mind, Deputy Blalack seeks to offer evidence that it was Layman's habit "to fight police rather than submit to arrest."

As noted, the Court must apply a three-part test [*11] to determine whether the proponent of "habit" evidence has shown it is admissible: (1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional, (2) the specificity or particularity of the conduct, and (3) the regularity or numerosity of the examples of the conduct. United States v. Angwin, 271 F.3d at 798-99. Deputy Blalack did not offer any analysis of these factors and, therefore, did not meet his burden as a proponent of evidence of habit. In any event, the Court notes the act of resisting arrest typically is not the type of "reflexive" or "semi-automatic" conduct to which Rule 406 applies. In addition, the record does not reflect any specific or particular similarities in the confrontation between Layman and Deputy Blalack on the night in question and Layman's previous arrests. The Court, therefore, concludes evidence of Layman's criminal history in general is not admissible as evidence of habit in relation to liability issues.

In addition, Plaintiff fears a jury would be unable to disregard Layman's criminal history when deciding liability even if the court admitted this evidence with limiting instructions. Plaintiff argues the [*12] risk of unfair prejudice on the question of liability outweighs the probative value of Layman's criminal history as to damages. Accordingly, Plaintiff contends, pursuant to Fed. R. Evid. 403, evidence of Layman's criminal history as a whole should not be before the jury when it decides liability. The Court agrees. Layman's criminal record is significant for its sheer length and breadth.

Search - 181 Results - Bifurcate w/20 liability w/20 damages
Case 1:04-cv-00608-DAE-LEK    Document 184-3    Filed 04/16/2008    Page 7 of 7
4/14/08 1:28 PM

There is a strong likelihood jurors would tend to judge the liability facts in favor of Deputy Blalack if they were aware of Layman's criminal record even if the Court gave the jurors a limiting instruction. The Court, therefore, concludes the evidence of Layman's criminal record in general should not be before the jury when they determine the question of liability.

Accordingly, in the exercise of its discretion pursuant to Fed. R. Civ. P. 42(b), the Court concludes a bifurcated trial of **liability** and **damages** issues will avoid prejudice.

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion to **Bifurcate** the Issues of **Liability** and **Damages** (# 21).

Accordingly, the Court orders separate trials to the same jury to determine the questions of liability and damages respectively.

[*13] IT IS SO ORDERED.

DATED this 19th day of February, 2003.

ANNA J. BROWN

United States District Judge

Source: Legal > Cases - U.S. > All Courts - By Circuit > 9th Circuit - Federal & State Cases, Combined
Terms: bifurcate w/20 liability w/20 damages  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Monday, April 14, 2008 - 7:21 PM EDT

My Lexis™ | Search | Research Tasks | Get a Document | Shepard's® | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Off | Help

  LexisNexis®   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.