IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| MEGAN KAINA, ETC., ET AL., | ) | CIVIL NO. 04-00608 DAE-LEK |
| Plaintiffs, | ) | |
| vs. | ) | |
| COUNTY OF MAUI, ET AL., | ) | |
| Defendants. | ) | |

**FINDINGS AND RECOMMENDATION TO ENFORCE SETTLEMENT AGREEMENT**

This Court conducted a Settlement on the Record on April 24, 2008. The district judge entered an Order of Dismissal on May 30, 2008 and judgment was entered on June 2, 2008. Some of the Plaintiffs, including Plaintiff Avon Kealoha, have refused to sign the settlement agreement. On July 10, 2008, this Court set a status conference with Plaintiffs and Plaintiffs' counsel regarding settlement for July 15, 2008. Plaintiff Avon Kealoha was to participate by phone, but, at the conference, she was not available at the number Plaintiffs' counsel provided to the Court. This Court therefore issued an order to show cause why the settlement agreement should not be enforced against her ("OSC"). The Court ordered Plaintiff Avon Kealoha to either appear at an August 11, 2008 hearing on the OSC, or file a written response to the OSC by August 8, 2008. Plaintiff Avon Kealoha neither filed a written response nor appeared at the August 11, 2008 hearing.

**DISCUSSION**

Federal courts apply state contract law principles to the construction and enforcement of settlement agreements, even if the underlying claims are federal. See O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004); United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). In order to be enforceable, a settlement agreement must have the traditional elements of a contract: offer, acceptance, consideration, and parties who have the capacity and authority to enter into the agreement. See Amantiad v. Odum, 90 Haw. 152, 162, 977 P.2d 160, 170 (1999). In addition, there must be mutual asset or a meeting of the minds as to all the essential elements of the contract. See Mednick v. Davey, 87 Haw. 450, 458, 959 P.2d 439, 447 (Ct. App. 1998). Based on this Court's familiarity with the settlement process in this case, this Court FINDS that there is a valid and binding settlement agreement between the parties.

If all of the elements of a valid contract are established, the settlement agreement should be given full force and effect unless there is evidence of bad faith or fraud. See Moran v. Guerreiro, 97 Haw. 354, 371, 37 P.3d 603, 620 (Ct. App. 2001) ("Generally, in the absence of bad faith or fraud, when parties enter into an agreement settling and adjusting a dispute, neither party is permitted to repudiate it." (quoting Miller v.

Manuel, 9 Haw. App. 56, 63, 828 P.2d 286, 291 (Ct. App. 1991)). Insofar as Plaintiff Avon Kealoha has refused to sign the settlement agreement and failed to appear at the hearing or otherwise respond to the OSC why the settlement should not be enforced, the Court FINDS that there is no evidence of bad faith or fraud constituting grounds to repudiate the settlement agreement.

### CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS that the parties' settlement agreement is valid and binding and RECOMMENDS that the district judge enforce the settlement. Specifically, this Court RECOMMENDS that the district judge direct Defendant County of Maui to pay the settlement amount forthwith to Plaintiffs and their counsel, as provided with the settlement agreement, notwithstanding the fact that Plaintiff Avon Kealoha has refused to sign the settlement agreement.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, August 12, 2008.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**MEGAN KAINA, ETC., ET AL. V. COUNTY OF MAUI, ET AL; CIVIL NO 04-00608 DAE-LEK; FINDINGS AND RECOMMENDATION TO ENFORCE SETTLEMENT AGREEMENT**